380 A.2d 491

COMMONWEALTH of Pennsylvania

v.

**Robert FIELDS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Dec. 2, 1977.

Gary F. DiVito, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was sentenced after his conviction of burglary and conspiracy. Boiler plate post-verdict motions were filed by appellant and denied by the court below.

The first issue raised by the appellant is whether the lower court erroneously allowed into evidence a hearsay statement made by appellant's co-conspirator. This issue was not raised, however, in post-verdict motions and is, therefore, not properly preserved for our consideration. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Appellant also argues that the lower court unfairly considered arrests that did not lead to convictions in sentencing appellant. Our review of the record, however, discloses that this issue was likewise not preserved for appellate review since no timely objection was made in the sentencing court. We will not, therefore, consider this claim. *Commonwealth v. Shoemaker*, 462 Pa. 342, 341 A.2d 111 (1975).

Having found that all the appellant's claims were waived, the judgment of sentence is accordingly affirmed.

SPAETH, J., files a dissenting opinion, in which CERCONE, J., joins.

SPAETH, Judge, dissenting:

The first issue is whether the lower court erred in admitting hearsay. I agree with the majority that this issue has been waived because it was not raised in the post-trial motions. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). The second issue is whether at the sentencing hearing the lower court improperly considered appellant's arrest

record. The majority decides that appellant's argument[1] on this issue has also been waived. In my view this decision is unsupported by the record.

Appellant's brief states the facts as follows:

Prior to the imposition of sentence, the Court reviewed both a presentence report and the appellant's criminal extract. Counsel for appellant addressed the court concerning not only the information contained in the presentence report, but also reviewed the various convictions and arrests reflected on the criminal extract. In his statement to the Court, counsel referred specifically to four arrests which did not result in convictions:

1. 4/11/67: Illegal Sale and Possession of Narcotics.
2. 2/22/68: V.U.F.A. and Failure to Register a Firearm.
3. 1/24/69: V.U.F.A., C.C.D.W., Failure to Register a Firearm and Carrying a Firearm on the Highway.
4. Assault with Intent to Kill, Aggravated Assault and Battery, Assault and Battery, V.U.F.A., C.C.D.W. (and related weapons offenses).

In discussing each of the above arrests, counsel, in his remarks, stated specifically to the Court that they should not be considered for the purpose of sentencing, since any question of appellant's guilt or innocence on these charges had to be resolved in favor of appellant, no convictions having been obtained. [Footnote omitted.]

Nonetheless, the Court, in addressing the defendant, reviewed each charge, and expressed his firm belief that the appellant was guilty of each of the charges but had "gotten off" because of some "technicality" or "a witness failed to appear".

Appellant's brief at 7–8.

The footnote to this statement says that "[C]ounsel cannot quote specifically the conversation because the notes of the sentencing have not been transcribed." *Id.* at 8 n. 1. Those

---

1. The Commonwealth having filed no brief, we cannot tell what its argument is.

notes have now been transcribed; however, to me at least, they are of little help.

After the trial judge had denied appellant's motions in arrest of judgment and for a new trial, he turned his attention to sentencing. The following colloquy was recorded between the judge and counsel for appellant:

THE COURT: I'll give you an opportunity to read over the pre-sentence investigations.

MR. DiVITO: Yes sir, I have it here, sir.

THE COURT: Have you had a chance to read them?

MR. DiVITO: I went through it quickly, yes.

THE COURT: Do you need more time to look it over?

MR. DiVITO: I don't think so.

THE COURT: Did you look at the recommendation?

MR. DiVITO: Yes sir, I did, Your Honor.

THE COURT: Okay. What are your feelings?

MR. DiVITO: Unfortunately, Mr. Rosenbury [apparently the author of the report] is not here for me to question about this report so I am kind of stuck with it.

THE COURT: Well, what would you like to question him about?

(Whereupon there was continued colloquy concerning the defendant's criminal extract.)

(Later)

(Whereupon the defendant appears before the bar of the Court with counsel.)

BY THE COURT (to defendant):

Q. Robert Fields, you have been found guilty of burglary under Bill # 1574, August Term, 1974. This Court sentences you to a State Correctional Institution for a minimum of eight years not to exceed twenty years.

Notes of Testimony, Sentencing Hearing, pp. 23–24.

Thus we know that appellant's criminal extract was discussed, but what was said we do not know.

It is certainly true that counsel has an affirmative obligation to insure that his objections are on the record. Here, however, it is not clear that appellant or his counsel was

aware of the fact that the discussion regarding the criminal extract was not being transcribed. I do not think we should be so quick to find waiver in such a situation, especially since appellant has apparently never had the benefit of reviewing the transcript of the sentencing hearing. *Cf.* Pa.Rule of Appellate Procedure 1951(b) (effective July 1, 1976). Neither, it may be added, has the sentencing judge discussed this issue in his opinion.

If in fact the sentencing judge said what appellant's brief says he said, the sentence must without question be vacated. The judge's statements, if made, would show that in his opinion it did not matter whether an arrest had resulted in a conviction, because if it did not, it should have. A judge who has such an opinion is incapable of giving a fair hearing. He is either ignorant of, or indifferent to, the principle that any person who has been arrested is presumed innocent. He is equally ignorant of, or indifferent to, the nature of due process, and his responsibility to ensure that every person who appears before him receives due process. Without evidence, how does he know that an arrest did not result in conviction because "a witness failed to appear"? And what does he mean by "technicality"? Is the suppression of evidence because no warrant was obtained a decision based on a "technicality"?

A case that is analogous to the present case is *Commonwealth ex rel. Townsend v. Burke*, 361 Pa. 35, 63 A.2d 77 (1949). There the Supreme Court of the United States had reversed and remanded to the Supreme Court of Pennsylvania. On remand the issue was whether the defendant had received due process. In holding that he had not, our Supreme Court said:

What invalidated the proceeding in the instant case was the improper conduct of the trial judge which consisted of his making facetious remarks, concerning the defendant's prospective penal servitude, in connection with the imposing of sentence, and of reading from a list containing five separate criminal charges against the defendant at former

times when, actually, in three out of the five cited instances the charges had either been dismissed by the magistrate or the accused had been found not guilty. The situation, thus judicially created, was pointedly appraised by Mr. Justice JACKSON, speaking for the Supreme Court, in the following language: "The trial court's facetiousness casts a somewhat somber reflection on the fairness of the proceeding when we learn from the record that actually the charge of receiving the stolen saxophone had been dismissed and the prisoner discharged by the magistrate. But it savors of foul play or of carelessness when we find from the record that, on two other of the charges which the court recited against the defendant, he had also been found not guilty. Both the 1933 charge of larceny of an automobile, and the 1938 charge of entry to steal and larceny, resulted in his discharge after he was adjudged not guilty. We are not at liberty to assume that items given such emphasis by the sentencing court, did not influence the sentence which the prisoner is now serving.

"We believe that on the record before us, it is evident that this uncounseled defendant was either overreached by the prosecution's submission of misinformation to the court or was prejudiced by the court's own misreading of the record. Counsel, had any been present, would have been under a duty to prevent the court from proceeding on such false assumptions and perhaps under a duty to seek remedy elsewhere if they persisted. Consequently, on this record we conclude that, while disadvantaged by lack of counsel, this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a *conviction* [i. e., on the defendant's pleas] cannot stand." (Emphasis supplied.)

*Id.* 361 Pa. at 39–40, 63 A.2d at 79.

In my opinion, this case should be remanded for a reconstruction of the unrecorded discussion regarding appellant's

criminal extract between the court and appellant's counsel. Failing that, appellant should get a new sentencing hearing.

CERCONE, J., joins in this opinion.