515 A.2d 611

**COMMONWEALTH of Pennsylvania**

v.

**John Albert BLOOD, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 11, 1986.

Filed Sept. 26, 1986.

Robert G. Kochems, Assistant Public Defender, Mercer, for appellant.

Charles S. Hersh, Assistant District Attorney, Hermitage, for Com., appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

HESTER, Judge:

Appellant challenges his sentences for burglary and escape alleging that the trial court abused its discretion in failing to consider appellant's schizophrenia and recent progress in treatment of his mental illness as mitigating factors justifying a more lenient sentence. We hold that the sentences reflect a proper exercise of the discretion

reposed in the sentencing court, and affirm the judgment of sentence.

Appellant, John Blood, escaped from prison in Mercer County on June 16, 1984. To aid his escape, he burglarized a house to obtain keys to a truck parked outside, stole the truck and fled to Illinois, where he was apprehended. Pursuant to a plea agreement, appellant pled guilty to escape and burglary; in return, the Commonwealth nolle prossed other charges against him.

Appellant's sole argument is that the sentencing judge did not give due consideration to his severe mental problems. He claims the sentence "was an abuse of discretion because it is excessive in length and not tailored to the specific needs of the defendant, the ends of justice, or the community's welfare." Brief for appellant at 7. He claims that "a relatively short period in a minimum security facility with a mental health treatment program and then a long period of parole which would insure his compliance with out-patient mental health treatment" would have been an appropriate sentence. *Id.* at 8–9.

We reject this argument for two reasons. First, contrary to the belief of appellant, *id.* at 4–5, the Commonwealth, brief for appellee at 4, and the sentencing court, Rule 1925 opinion, 5/13/86, at 3, appellant's sentence was within the range of the sentencing guidelines. 204 Pa.Code Ch. 303. He received concurrent sentences of three to six years for burglary and two to four years for escape. With a prior record score of six and offense gravity scores of six and four for burglary of a dwelling and escape, respectively, the minimum sentence guideline ranges were 33 to 49 months and 21 to 30 months for the respective offenses. 204 Pa.Code § 303.8. Appellant benefitted from the court's use of an offense gravity score of five for the burglary, when the score should have been six for burglary of a dwelling.

Of greater significance was the sentencing court's misunderstanding of the guidelines' provision on sentencing for convictions arising out of the same transaction. The court

recognized that when imposing multiple sentences for multiple convictions arising out of a single criminal episode, the guidelines might impose special rules of application. The court's solution was to sentence first for burglary; in doing so, it computed appellant's prior record and offense gravity scores, then ascertained the guideline range before imposing sentence. The court then followed the same procedure in sentencing appellant for escape, but used a prior record score of zero "since he was being sentenced thereon at the same time as the burglary." Rule 1925 opinion, 5/13/86, at 3. This was an apparent, but erroneous application of 204 Pa.Code § 303.6(a).

Section 303.6(a) provides:

**§ 303.6. Consecutive sentences.**

(a) When imposing consecutive sentences for convictions arising out of the same transaction, the prior record score is computed for the offense with the highest offense gravity score in such transaction. For the remaining offenses in such transaction, the prior record score shall be zero.

The foregoing rule is an exception to the procedure generally followed in determining guideline sentences. The general rule is stated in 204 Pa.Code § 303.2:

**§ 303.2. Procedure for determining the guideline sentence.**

The procedure for determining the guideline sentence shall be as follows:

(1) Determine the prior record and offense gravity scores as described in §§ 303.7 and 303.8....

(2) Refer to the Sentence Range Chart in § 303.9....

(3) Determine if aggravating or mitigating circumstances apply, as described in § 303.3....

(4) Select a sentence from the Sentence Range Chart as listed in § 303.9....

(5) Determine if a deadly weapon was used in the offense and apply the provisions of § 303.4....

Thus in determining any sentence, the usual procedure is to begin with a defendant's prior record score. Unless an

exception applies, the prior record score is based on the defendant's prior record; in this case, six. The only exception in the guidelines is "when imposing *consecutive* sentences for convictions arising out of the same transaction," an exception not applicable in this case. Inasmuch as the court was imposing *concurrent* sentences, there was no reason to use a prior record score of zero for the escape conviction; appellant's prior record score of six was proper for both crimes. Both sentences were thus in the middle range of minimum sentences under the guidelines and required no special statement of reasons for deviation from the guidelines. 42 Pa.C.S. § 9721(b).

■ Second, in the event the sentences had exceeded the guidelines as appellant argues, the court's explanation of the reasons therefor satisfies the requirements of 42 Pa. C.S. § 9721(b), and the sentences which were imposed were well within the discretion afforded a sentencing court.

Imposition of sentence is within the sound discretion of the sentencing judge and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Edrington,* 490 Pa. 251, 255, 416 A.2d 455, 457 (1980); *Commonwealth v. Spencer,* 344 Pa.Super. 380, 394, 496 A.2d 1156, 1164 (1985). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Mielcuszny v. Rosol,* 317 Pa. 91, 93–94, 176 A. 236, 237 (1934); *Commonwealth v. Spencer, supra,* 344 Pa.Superior Ct. at 394, 496 A.2d at 1164. There is no such unreasonableness, partiality, prejudice, bias or ill-will evident in the record.

Opposed to appellant's argument for lenity were a number of factors justifying the substantial term of imprisonment which was imposed. Appellant is twenty-two years of age. He had two serious felonies as a juvenile—burglary for which he was placed in a juvenile home; the other an aggravated assault on a child care worker for which he was placed in a youth development center in New Castle, Penn-

sylvania. Appellant's adult record includes theft in Warren, Pennsylvania, for which he was sentenced to the State Regional Correctional Facility in Mercer for one to two years; and theft of a motor vehicle in Sheffield Township, which resulted in the same sentence. There was another theft by unlawful taking in Meadville, Pennsylvania, for which he was placed on one year's probation and a prior escape from a correctional institution in Erie, Pennsylvania, to which he pled guilty and was sentenced to one to two years in a state institution.

The sentencing judge noted appellant's recidivism—this was his second escape from a state correctional institution—as well as the fact that this escape led to a burglary and a multi-state search. The court also considered two convictions for theft which were not reflected in the prior record score, which totaled the maximum of six without including the theft convictions. *See Commonwealth v. Duffy*, 341 Pa.Super. 217, 224, 491 A.2d 230, 233 (1985); *Commonwealth v. Lupatsky*, 341 Pa.Super. 338, 342, 491 A.2d 845, 847 (1985). Finally, the court referred to a psychiatric evaluation which indicated that appellant remained impulsive and lacking in judgment. We hold that these reasons warrant the sentence imposed on appellant.

Judgment of sentence affirmed.