533 A.2d 134

COMMONWEALTH of Pennsylvania, Appellee,

v.

Roy E. KRUM, Appellant.

Superior Court of Pennsylvania.

Argued April 4, 1986.

Filed Nov. 2, 1987.

512

William K. Sayer, Assistant Public Defender, Strouds-burg, for appellant.

E. David Christine, Assistant District Attorney, East Stroudsburg, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, WIEAND, MONTEMURO, BECK, TAMILIA, POPOVICH and JOHNSON, JJ.

WIEAND, Judge:

Roy Krum entered pleas of guilty to two charges of burglary. Although these were his first adult offenses, Krum had a lengthy juvenile record. The sentencing court imposed concurrent sentences of not less than four years nor more than eight years, which it refused to modify in response to a petition for reconsideration. On direct appeal, Krum argues (1) that the sentencing guidelines are "in violation of Pennsylvania case law and the Sentencing Code in that they fail to distinguish between the effect of a prior adjudication as a fifteen year old juvenile and a prior conviction as an adult"; and (2) that the sentences constituted an abuse of discretion because Krum did not have a prior adult record.

An examination of the record in the trial court discloses that only the second issue has been preserved for appellate review. The first issue was not raised in the trial court at the sentencing hearing or in the motion to reconsider and modify the sentence. It was raised for the first time after an appeal had been filed in this Court. Appellant's motion for reconsideration of sentence contained as reason therefor only the following:

> Defendant requests your Honorable Court to reconsider the sentence in light of the fact that the Court failed to give sufficient consideration to the defendant's young age at the time these incidents occurred and to the defendant's status as a young juvenile at the time of his prior criminal activities as a juvenile. The Court was also not aware of the extent to which the defendant has cooperated with the authorities since his arrest on these charges.

Par. 3, Motion to Reconsider and Modify Sentence.

It is well established that sentencing issues which have not been raised in a motion to modify sentence are waived.

See: *Commonwealth v. Duffy,* 341 Pa.Super. 217, 221, 491 A.2d 230, 231 (1985); *Commonwealth v. Cottman,* 327 Pa.Super. 453, 461, 476 A.2d 40, 44 (1984); *Commonwealth v. Kuhn,* 327 Pa.Super. 72, 83, 475 A.2d 103, 108 (1984). The sentencing guidelines issue which appellant has sought to raise in the instant appeal, even if meritorious, would not render the sentence illegal in the sense that it could not be waived. Compare: *Commonwealth v. Reardon,* 297 Pa.Super. 193, 443 A.2d 792 (1981). The sentence imposed upon appellant was authorized by the legislature, was within statutory limits, and was not an illegal sentence. The sentence recommended by the guidelines, as the opinion of the sentencing court makes clear, was only one of several factors considered in formulating an appropriate sentence to be imposed upon Roy Krum. If a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion, but the sentence imposed is not rendered illegal. Otherwise, every erroneous consideration by a sentencing court will render the sentence illegal in a manner which cannot be waived by a defendant. This is not the law. See: *Commonwealth v. Boone,* 467 Pa. 168, 354 A.2d 898 (1975); *Commonwealth v. Bryant,* 349 Pa.Super. 358, 503 A.2d 39 (1986); *Commonwealth v. Spencer,* 344 Pa.Super. 380, 496 A.2d 1156 (1985); *Commonwealth v. Sypin,* 341 Pa.Super. 506, 491 A.2d 1371 (1985); *Commonwealth v. Duden,* 326 Pa.Super. 73, 473 A.2d 614 (1984); *Commonwealth v. Garrison,* 292 Pa.Super. 326, 437 A.2d 407 (1981); *Commonwealth v. Graves,* 275 Pa.Super. 557, 419 A.2d 41 (1980); *Commonwealth v. Cruz,* 265 Pa.Super. 474, 402 A.2d 536 (1979); *Commonwealth v. Fields,* 251 Pa.Super. 287, 380 A.2d 491 (1977); *Commonwealth v. Walls,* 248 Pa.Super. 335, 375 A.2d 125 (1977), *aff'd,* 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Shoemaker,* 226 Pa.Super. 203, 313 A.2d 342 (1973), *aff'd,* 462 Pa. 342, 341 A.2d 111 (1975). Indeed, even issues of constitutional dimensions can be waived. See: *Commonwealth v. Boone, supra* (appellant's contention that she had been denied due process of law by imposition of minimum and maximum sentence was waived by failure

to object at sentencing). See also: *Commonwealth v. Sessoms*, 516 Pa. 365, 368 n. 2, 532 A.2d 775, 782 n. 2 (1987) (invalidity of sentencing guidelines can be waived if not preserved at all stages of adjudication).

In the instant case, appellant could waive and, in fact, did waive a challenge to the authority of the Sentencing Commission to require that prior juvenile adjudications be deemed equivalent to adult convictions for purposes of determining an offender's prior record score.[1] He waived this issue by failing to raise it in the trial court at sentencing or in his motion to reconsider and modify the same.[2]

The second issue argued by appellant was adequately preserved in the trial court. Because it involves the discretionary aspects of sentencing, however, it is necessary that we determine whether there is a sufficiently substantial issue to require review.

The right of appeal from a final judgment of sentence is guaranteed by Article 5, § 9 of the Pennsylvania Constitution. The exclusive jurisdiction to hear such appeals, except in capital cases, is vested in the Superior Court. 42 Pa.C.S. § 742. Such an appeal may generally be taken as of right by filing a notice of appeal with the clerk of the lower court within the time allowed for such appeal. Pa.R.App.P. 902. With respect to appeals challenging the discretionary aspects of sentencing, however, the legislature has provided at 42 Pa.C.S. § 9781(b) as follows:

> **(b) Allowance of appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. *Allowance of appeal may be*

1. This issue has now been decided by an en banc panel of this Court in *Commonwealth v. Tilghman*, 366 Pa.Super. 328, 531 A.2d 441 (1987).

2. Appellant also waived the issue which caused the Supreme Court to nullify the sentencing guidelines in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). He waived it by failing to preserve it "at all stages of adjudication up to and including any direct appeal." *Id.*, 516 Pa. at 368 n. 2, 532 A.2d at 782 n. 2, quoting *Commonwealth v. Cabeza*, 503 Pa. 228, 233, 469 A.2d 146, 148 (1983).

*granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.* (Emphasis added).

■ Pursuant to its authority to prescribe rules governing practice and procedure in the courts, the Supreme Court has promulgated rules to implement this statutory provision. By a note accompanying Pa.R.A.P. 902 the proper procedure to be followed in cases brought under Section 9781(b) has been explained as follows:

> Section 9781 of the Sentencing Code (42 Pa.C.S. § 9781) provides that the defendant or the Commonwealth may file a "petition for allowance of appeal" of the discretionary aspects of a sentence for a felony or a misdemeanor. The notice of appeal under this chapter (see Rule 904) (content of the notice of appeal)) operates as the "petition for allowance of appeal" under the Sentencing Code. It automatically raises all possible questions under 42 Pa. C.S. § 9781 and is available and appropriate even where no issue relating to guilt or the legality of the sentence (in the sense that the sentence falls outside of the range of discretion vested by law in the sentencing court) is presented. No additional wording is required or appropriate in the notice of appeal.
>
> In effect, the filing of the "petition for allowance of appeal" contemplated by the statute is deferred by these rules until the briefing stage, where the question of the appropriateness of the discretionary aspects of the sentence may be briefed and argued in the usual manner.

The procedure for filing the "petition for allowance of appeal" at the briefing stage is set forth in Pa.R.A.P. 2119(f) as follows:

> [a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the

argument on the merits with respect to the discretionary aspects of sentence.

In *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), the defendant, who had been convicted of various violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780–113(a)(16), (30), was sentenced to pay a fine of $1,000 and to serve a five year term of probation. The Commonwealth appealed. This Court vacated the judgment of sentence and remanded for resentencing on the ground that the sentence was outside the sentencing guidelines and unreasonable. The Supreme Court reversed, holding that it had been error for the Superior Court to consider the merits of the Commonwealth's appeal where the Commonwealth had failed to comply with the mandate of Rule 2119(f). The Court said:

> It must first be observed that our rules make a careful distinction between "questions relating to the discretionary aspects of the sentence" and "the issue whether the appellate court should exercise its discretion to reach such question." Pa.R.A.P. 2116. Recognizing this distinction, the language from the Note to Pa.R.A.P. 902 ... speaks only to the fact that the appellant is to supply his brief, with argument on the merits of the question, at the same time as he provides his concise statement of the reasons relied upon for allowance of appeal. It does not and cannot obviate the need for such a statement.

> The procedure outlined in the Note accompanying Rule 902 was published in the interest of maintaining consistency between practice under this section of the Sentencing Code and typical appellate practice in Superior Court, which does not ordinarily have discretion as to the exercise of its jurisdiction....

> So long as the Commonwealth is required at some point to demonstrate a "substantial question" in accordance with the statute to invoke Superior Court's jurisdiction, this procedure is sound. Superior Court may not, however, be permitted to rely on its assessment of the argument on the merits of the issue to justify *post hoc* a

determination that a substantial question exists. If this determination is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, the Commonwealth has in effect obtained an appeal as of right from the discretionary aspects of a sentence. It is elementary that such an enlargement of the appeal rights of a party cannot be accomplished by rule of court. For this reason it is essential that the rules of procedure governing appeals such as this be followed precisely.

Our insistence on separate presentation of these issues is more than mere formalism; important concerns of substance guide this decision. In addition to preserving the respective rights of both parties according to the jurisdictional scheme provided by the legislature, it furthers the purpose evidence in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

*Id.*, 513 Pa. at 512–513, 522 A.2d at 19–20.

It is not clear from the foregoing language whether the requirement of Pa.R.App.P. 2119(f) is to be deemed jurisdictional or procedural. After careful study, we have concluded that Rule 2119(f) is procedural only. We do so primarily because even though the Supreme Court's discussion of the rule was in terms of the Superior Court's jurisdiction, its decision to vacate the Superior Court's order to remand for resentencing was based expressly upon the fact that *"[t]he Appellant [had] properly preserved his challenge to this procedural violation." Id.*, 513 Pa. at 515, 522 A.2d at 20–21 (emphasis added).

Moreover, because the Supreme Court was undoubtedly familiar with Art. 5, § 9 of the Pennsylvania Constitution, we do not believe that its decision in *Tuladziecki* was intended to raise the procedural requirement of Pa.R.App.P. 2119(f) to the level of a jurisdictional condition precedent to a defendant's right of appeal from a final judgment of sentence. Instead, we interpret the mandate of *Tulad-*

*ziecki* and Pa.R.App.P. 2119(b) as imposing a procedural requirement, consistent with 42 Pa.C.S. § 9781(b), intended to allow the Superior Court to determine, in advance of considering the merits, whether there is a sufficiently substantial question to warrant appellate review.

Finally, by interpreting the requirements of Pa.R.App.P. 2119(f) to be procedural only we will avoid the numerous ineffective assistance of counsel claims that will most certainly follow if we reject on jurisdictional grounds those appeals seeking review of the discretionary aspects of sentencing because of counsel's failure to comply with Rule 2119(f).

▮ Whether the rule is jurisdictional or procedural is not an insignificant distinction. If the requirement of Rule 2119(f) is to be deemed jurisdictional, the failure to comply therewith cannot be waived and will have to be raised by this Court sua sponte. See: *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974); *Daly v. School District of Darby Township*, 434 Pa. 286, 252 A.2d 638 (1969); *Commonwealth v. Helms*, 352 Pa.Super. 65, 506 A.2d 1384 (1986); *Commonwealth v. Jones*, 307 Pa.Super. 558, 453 A.2d 1028 (1982). If it is procedural, however, a failure to comply therewith can be waived and will be waived if it is not objected to by the appellee. In that event, the failure to comply with Rule 2119(f) may be overlooked. See: *Commonwealth v. Gumpert*, 354 Pa.Super. 595, 512 A.2d 699 (1986) (error in captioning appeal as being taken from order denying post-trial motions rather than final judgment of sentence deemed not fatal); *Commonwealth v. Dougherty*, 351 Pa.Super. 603, 506 A.2d 936 (1986) (failure to include ineffective assistance of counsel claim in statement of questions presented excused); *Commonwealth v. Lahoud*, 339 Pa.Super. 59, 488 A.2d 307 (1985) (error in notice of appeal deemed harmless); *Commonwealth v. Stoppie*, 337 Pa.Super. 235, 486 A.2d 994 (1984) (court decided merits of issues raised despite counsel's failure to comply with rules concerning contents of appellate briefs); *Commonwealth v. Bell*, 328 Pa.Super. 35, 476 A.2d 439 (1984) (merits of issues

raised were examined despite violation of rules regarding statement of questions involved); *Commonwealth v. Williams*, 269 Pa.Super. 544, 410 A.2d 835 (1979) (failure to raise issue in statement of matters complained of on appeal excused where failure did not defeat Superior Court's ability to exercise appellate review).

In *Tuladziecki*, the defendant preserved his challenge to the Commonwealth's procedural violation of Rule 2119(f) by raising the issue (1) in the Superior Court and (2) in the Supreme Court. In the instant case, the Commonwealth has not objected to or otherwise preserved the defendant's failure to include in his brief a separate statement showing, as required by Pa.R.App.P. 2119(f), a "substantial question that the sentence imposed [was] not appropriate." Because the requirement of Rule 2119(f) is procedural and not jurisdictional, the Commonwealth's failure to object to or otherwise assert the defect in the form of appellant's brief has resulted in a waiver of the defect. Therefore, the Superior Court will determine, in its own discretion, whether there is a substantial issue requiring it to review the discretionary aspects of the sentence imposed by the trial court.[3]

The appellant contends that the sentencing court abused its discretion because it considered his prior juvenile adjudications and, therefore, did not sentence him as a first offender. The role of prior juvenile adjudications in the sentencing process is an issue which this Court has consistently deemed to be of substantial significance. See: *Commonwealth v. Tilghman*, 366 Pa.Super. 328, 531 A.2d 441 (1987); *Commonwealth v. Lyons*, 366 Pa.Super. 172, 530 A.2d 1345 (1987) (Wieand, J., dissenting); *Commonwealth v. Torres*, 362 Pa.Super. 617, 525 A.2d 391 (1987). Therefore, we allow Krum's appeal and review the sentence imposed by the trial court to determine whether there has

3. We disapprove of the view suggested in *Commonwealth v. Hawthorne*, 364 Pa.Super. 125, 527 A.2d 559 (1987) and *Commonwealth v. Rivera*, 365 Pa.Super. 361, 529 A.2d 1099 (1987) that this Court lacks jurisdiction to review the discretionary aspects of a sentence in the absence of compliance with Pa.R.A.P. 2119(f) even though the appellee has failed to assert such a defect in the appellant's brief.

been an abuse of discretion. Only if there has been such an abuse will the judgment of sentence be reversed. See: *Commonwealth v. Edrington,* 490 Pa. 251, 255, 416 A.2d 455, 457 (1980); *Commonwealth v. Blood,* 357 Pa.Super. 161, 165, 515 A.2d 611, 613 (1986); *Commonwealth v. Spencer,* 344 Pa.Super. 380, 394, 496 A.2d 1156, 1164 (1985).

■ The answer to the issue in this case can be found in the Juvenile Act where, at 42 Pa.C.S.A. § 6354(b)(1), the legislature has specifically provided that prior juvenile adjudications of delinquency may be used "in dispositional proceedings after conviction of a felony...." Thus, "[i]t is clearly the intent of the Legislature that a child who continues his pattern of serious and violent anti-social activity into adulthood should not receive the benefit of a cloak of immunity regarding that behavior, when it is relevant to predicting future behavior and the public safety is at risk." *Commonwealth v. Smith,* 333 Pa.Super. 179, 182, 481 A.2d 1365, 1366 (1984). See also: *Commonwealth v. Johnson,* 293 Pa.Super. 143, 437 A.2d 1246 (1981); *Commonwealth v. Allen,* 287 Pa.Super. 88, 429 A.2d 1113 (1981).

Appellant's lengthy juvenile record, his substance abuse, and his refusal to alter his pattern of anti-social conduct constituted adequate reasons for the sentencing court to impose a sentence greater than that appropriate for one who has committed a first, adult offense.

The judgments of sentence are affirmed.

BROSKY, J., files a dissenting opinion in which CIRILLO, President Judge, and POPOVICH and JOHNSON, JJ., join.

BROSKY, Judge, dissenting:

This appeal is from the judgment of sentence imposed after appellant pled guilty to two counts of burglary. Appellant contends that: (1) the sentencing court erred in including his juvenile adjudications of delinquency in computing his prior record score; and (2) the sentence imposed

was excessive. Finding appellant's claims to have been waived, I would quash.

On November 2, 1984, appellant pled guilty to two counts of burglary, each carrying an offense gravity score of "6". Appellant was 18 years old at the time of the burglaries. He had no prior adult record, but he did have a juvenile record for burglaries committed at the age of 15. Based on that record, appellant received a prior record score of "6". He was sentenced on December 28, 1984 to two concurrent terms of four to eight years imprisonment, a sentence within the minimum (standard) range for an offense gravity score of "6" and a prior record score of "6". Appellant, on January 7, 1985, filed a timely motion to modify sentence which the court below denied on January 17, 1985 after a hearing. This appeal timely followed.

Appellant argues that the provisions of the sentencing guidelines, *see* 204 Pa.Code §§ 303.1–.9, *reprinted following* 42 Pa.C.S. § 9721, which require a sentencing court to use certain juvenile adjudications of delinquency in computing a defendant's prior record score, are contrary to the legislation authorizing the creation of the guidelines, *see* 42 Pa.C.S. § 2154(2).[1] He thus concludes that the sentencing court erred in including his prior adjudications in its computation of his prior record score.

Appellant, despite his statements in his brief to the contrary, did not, however, raise this issue in his motion to modify sentence. Rather, he raised only the claim that the sentence was excessive. It is well-settled that sentencing issues not raised in a motion to modify sentence are waived. *Commonwealth v. Duffy*, 341 Pa.Super. 217, 491 A.2d 230 (1985); *Commonwealth v. Warden*, 335 Pa.Super. 315, 484 A.2d 151 (1984). The only exception to this general rule of waiver concerns sentences that are illegal per se; an issue of sentence legality is never waived. *Commonwealth v. Neidig*, 340 Pa.Super. 217, 489 A.2d 921 (1985). I also do

---

1. 42 Pa.C.S. § 2154(2), as amended by Act 165 of 1986, Act of December 11, 1986, now expressly authorizes the inclusion of juvenile adjudications in the computation of prior record scores.

not believe that the issue raised here by appellant is one of sentence legality.

Certainly, it is true that if appellant's juvenile record were not considered, appellant would have a prior record score of zero and the *suggested* minimum (standard) range for that score and an offense gravity score of six would be 4–12 months, rather than the *suggested* 33–49 months range under which appellant was sentenced. The sentencing guidelines, however, do not mandate a sentence which the court must impose, but simply set forth ranges of minimum sentences which the sentencing court must consider as one of the factors in its determination of the length of sentence to impose. See 42 Pa.C.S. § 9721(b). The guideline ranges are only "mandatory" in the sense that a sentencing court must give due consideration to the minimum guideline ranges *suggested* for the crime at issue, and must specify reasons should it choose to impose a minimum sentence outside the *suggested* ranges. Thus, appellant's claim is not that the sentence imposed is not a legal one for the crime of burglary, but only that, in reaching its decision to impose the sentence, the sentencing court relied upon an illegal factor, i.e., the guideline range that was based upon a prior record score that included appellant's prior juvenile adjudications. In other words, appellant assumes that the sentence he received could stand if supported by the proper reasons, but argues that the sentencing court's reasons were not proper because it relied upon an impermissible (illegal) consideration. It is, of course, well-settled that an attack upon a sentencing court's reasons for its sentence does not raise a question of the legality of the sentence and is waived if not properly preserved.[2] *Commonwealth v.*

2. My rationale herein is in accord with the views expressed in the Concurring Opinions authored by Cirillo, P.J., and Kelly J. in *Commonwealth v. Hartz,* 367 Pa.Super. 267, 532 A.2d 1139 (1987) (en banc), as to what does, and does not, raise an issue of sentence legality. In *Hartz,* appellant challenged the constitutionality of the deadly weapon enhancement section of the sentencing guidelines. The constitutionality issue had not been raised in a motion for reconsideration of sentence. The Concurring Opinions held that a constitutional challenge to a *sentencing provision* does not raise an

*Martin,* 328 Pa.Super. 498, 477 A.2d 555 (1984) (en banc); *Commonwealth v. Duden,* 326 Pa.Super. 73, 82, 473 A.2d 614, 618, 619 (1984); *Commonwealth v. Cruz,* 265 Pa.Super. 474, 402 A.2d 536, 537 (1979).

Therefore, I also must conclude that appellant has waived his claim that the sentencing court erred in including his juvenile adjudications of delinquency in computing his prior record score.

Appellant also contends that the sentence imposed was excessive. Though properly preserved in appellant's motion to modify sentence, I would not reach the merits of appellant's second contention.

A challenge to a sentence as excessive clearly attacks a discretionary aspect of the sentence imposed. Where a purely discretionary aspect of a sentence is being challenged, a separate statement, demonstrating that a "substantial question" is posed by the aspect under attack, must be included in an appellant's brief before this Court may address the merits of the sentencing question posed. Pa.R. A.P. 2119(f); see also *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Appellant has not provided this Court with the separate statement required by the appellate rules, and the recent *Tuladziecki* decision.[3] Hence, I would

issue of sentence *legality,* but is an attack upon a *reason* for the sentence imposed. As the sentence imposed was not beyond the statutory or constitutional authority of the sentencing court, the concurrences found appellant's challenge, that an unconstitutional *reason* had been considered in the computation of his sentence, to have been waived for failure to include it in a motion for reconsideration.

3. The majority questions my application of the *Tuladziecki* decision to the matter *sub judice,* in light of the Commonwealth's failure to challenge appellant's lack of compliance with Pa.R.A.P. 2119(f). It is their contention that the requirements of Rule 2119(f) are strictly procedural, and that *Tuladziecki* does not require the result we reach *infra* where the appellee has not "preserved his challenge to this procedural violation." While I do not deny that *Tuladziecki* comments upon Regis Tuladziecki's preservation of his Rule 2119(f) challenge, I feel that the position taken by the majority involves an overly narrow reading of the *Tuladziecki* decision.

*Tuladziecki* also states, at p. 19:

not reach the merits of appellant's excessiveness challenge.[4]

> So long as the Commonwealth is required at some point to demonstrate a "substantial question" in accordance with the statute *to invoke Superior Court's jurisdiction,* this procedure is sound. Superior Court may not, however, be permitted to rely on its assessment of the argument on the merits of the issue to justify *post hoc* a determination that a substantial question exists. If this determination is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, *the Commonwealth has in effect obtained an appeal as of right from the discretionary aspects of a sentence.* It is elementary that such an enlargement of the appeal rights of a party cannot be accomplished by rule of court. *For this reason it is essential that the rules of procedure governing appeals such as this be followed precisely.* (Emphasis added).

The clear import of the above does not support the position that Rule 2119(f) is strictly procedural in nature. It is a procedural rule that is ultimately jurisdictional. If the rule is not followed, this Court is placed in the position of making a *post hoc* determination as to whether or not a substantial question is presented, through an examination of the merits of the sentencing question at issue. This, in effect, permits an appellant to obtain appellate review as of right of a discretionary aspect of sentencing. This is precisely what the Supreme Court has forbidden. Unless an appellant strictly complies with the procedural requirements of Rule 2119(f), this Court's jurisdiction, according to the above-emphasized language, is not invoked.

Hence, in light of my conclusion that non-compliance with Rule 2119(f) deprives this Court of jurisdiction to review discretionary aspects of sentencing, I do not find it problematic that the Commonwealth has not raised this challenge. It is well-settled that this Court may raise issues of appealability and jurisdiction *sua sponte. Indiana County Hospital Authority v. McCarl's Plumbing and Heating Co.,* 344 Pa.Super. 226, 228, 496 A.2d 767, 768 (1985).

4. As discussed *infra,* I also do not find appellant's challenge to the inclusion of juvenile adjudications in his prior record score, to be a challenge to the legality of his sentence. However, as noted *infra,* a challenge to the legality of a sentence cannot be waived; furthermore, a separate *Tuladziecki* statement is not required when an appellant attacks the legality of his sentence. 42 Pa.C.S. § 9781(a). Hence, this Court was required to determine, initially, if the inclusion of an alleged impermissible factor in the computation of a defendant's sentence, makes that sentence *illegal,* or merely demonstrates an abuse of *discretion* on the part of the sentencing court. It was only after this determination was made that we were able to decide that appellant's first contention on appeal was waived, for failure to include it in the motion to modify sentence filed below.

526

As appellant has failed to preserve any issues for resolution on the merits, I would quash the appeal.

CIRILLO, President Judge, and POPOVICH and JOHNSON, JJ., join this dissenting opinion.