J. S03012/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                     :           PENNSYLVANIA
            v.           :
                     :
OLEKSANDER V. OLIYNYK,      :         No. 1325 EDA 2014
                     :
          Appellant     :

Appeal from the Judgment of Sentence, February 25, 2014,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0004068-2013

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JANUARY 30, 2015**

Oleksander V. Oliynyk appeals from the judgment of sentence of February 25, 2014, following his conviction of theft. We affirm.

The trial court has summarized the underlying facts of this case as follows:

> The victims, Irina Faymleyb and Boris Ovrutsky, owned a number of real properties that they leased to multiple tenants. [Appellant] was employed by the victims. At various times during the course of that employment, [appellant] was responsible for collecting, logging and depositing the rent checks. The evidence presented at trial established that [appellant] stole $431,796.36 from his employers, by diverting rent payments into his private bank account. Testimony of the tenants established that [appellant] altered the rent checks. Bank records demonstrated that those checks were deposited into [appellant]'s bank account. [Appellant] used the stolen funds for his own private

> use.  He used some of the funds to purchase luxury items including three high-priced vehicles.

Trial court opinion, 5/14/14 at 1 (footnotes omitted).

On February 25, 2014, following a jury trial, appellant was found guilty of one count of theft by deception, a felony of the third degree.  Appellant was sentenced to the statutory maximum sentence of 3½ to 7 years' imprisonment.  No post-sentence motions were filed.  This timely **pro se** appeal followed.[1]  Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Appellant has raised the following issue for this court's review:

> A.      Did the trial court impose an unreasonable and illegal sentence upon appellant where (1) the court sentenced him to the maximum sentence allowable by law which greatly exceeded the aggravated range of the sentencing guidelines for a defendant with no criminal record convicted of a non-violent offense and (2) the trial court improperly took into account appellant's immigration status and nationality in imposing a maximum sentence?

Appellant's brief at 4 (capitalization omitted).

In his first issue on appeal, appellant challenges the discretionary aspects of sentencing.  Appellant argues that imposition of the statutory maximum sentence of 3½ to 7 years was unreasonable where the guidelines called for a standard range sentence of 9 to 16 months.  (Appellant's brief at

---

[1] Despite having privately retained counsel, appellant filed his appeal notice and Rule 1925(b) statement **pro se**.  Subsequently, counsel was permitted to withdraw, and new counsel was appointed.

13.) According to appellant, the trial court focused exclusively on his unlawful immigration status. (*Id.* at 18.)[2]

"Challenges to the discretionary aspects of a sentence must be raised first in the trial court, either in a post-sentence motion or by presenting them during the sentencing proceedings. The failure to do so results in a waiver of all such claims." *Commonwealth v. Felder*, 75 A.3d 513, 515 (Pa.Super. 2013), *appeal denied*, 85 A.3d 482 (Pa. 2014) (citations omitted). As stated above, appellant did not file any post-sentence motions, nor did he raise any claims related to the discretionary aspects of his sentence at the sentencing hearing. Accordingly, appellant has not preserved any challenges to the discretionary aspects of his sentence for appellate review. *Id.*

Appellant claims counsel was ineffective for failing to file a post-sentence motion. However, the general rule as stated in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), is that defendants should wait until the collateral review phase to raise claims of ineffective assistance of counsel. Appellant argues trial counsel's ineffectiveness is clear from the existing record; however, the trial court disagreed. (Trial court opinion, 5/14/14 at 2.) Therefore, the "extraordinary circumstances" exception to the *Grant* rule, as outlined in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), where a claim of ineffective assistance of trial counsel

---

[2] Appellant is a Ukrainian national.

is apparent from the record and meritorious to the extent that immediate consideration of the claim best serves the interest of justice, does not apply.

Appellant also argues that his sentence is "illegal" because the trial court focused on his status as an illegal alien. According to appellant, the trial court made his immigration status the centerpiece of the sentencing decision. (Appellant's brief at 20.) Appellant claims that this violated his constitutional right to due process and equal protection. (*Id.* at 18-19.)

First, we disagree with appellant's argument that the claim implicates the legality of his sentence. Appellant's sentence was within the statutory limits and it is well settled that even issues of a constitutional dimension are subject to waiver. As this court stated in **Commonwealth v. Robinson**, 931 A.2d 15, 21 (Pa.Super. 2007) (**en banc**):

> [W]e have established the principle that "the term 'illegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases." [**Commonwealth v.**] **Berry**, 877 A.2d [479,] at 483 [(Pa.Super. 2005) (**en banc**), **appeal denied**, 917 A.2d 844 (Pa. 2007)]. This class of cases includes: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). **See** [**Commonwealth v.**] **Jacobs**, 900 A.2d [368] at 372-373 [(Pa.Super. 2006) (**en banc**), **appeal denied**, 917 A.2d 313 (Pa. 2007)] (citations omitted). These claims implicate the fundamental legal authority of the court to impose the sentence that it did. **Id.**
>
> Most other challenges to a sentence implicate the discretionary aspects of the sentence.

[**Commonwealth v.**] **Archer**, 722 A.2d [203,] at 209-210 [(Pa.Super. 1998) (**en banc**)]. This is true even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension. **Id.**; **Jacobs**, 900 A.2d at 373-374.[Footnote 5]

> [Footnote 5] Even ten years before **Archer**, this Court issued an **en banc** opinion advising that "if a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion, but the sentence imposed is not rendered illegal. Otherwise, every erroneous consideration by a sentencing court will render the sentence illegal in a manner which cannot be waived by a defendant. This is not the law. Indeed, even issues of constitutional dimensions can be waived." **Commonwealth v. Krum**, 367 Pa.Super. 511, 533 A.2d 134, 136 (1987) (**en banc**) (citations omitted).

Therefore, appellant's claim must be viewed as one implicating the discretionary aspects of the sentence. As such, it is deemed waived for failure to raise it in the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015