J-S67026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEX LABOY | |
| Appellant | No. 2539 EDA 2015 |

Appeal from the Judgment of Sentence July 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002795-2015

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY RANSOM, J.:            **FILED OCTOBER 11, 2016**

Alex Laboy (Appellant) appeals from the July 23, 2015, sentence of two and one-half to five years' incarceration, followed by five years of probation.  Appellant pleaded guilty to Possession with Intent to Deliver and Simple Possession.[1]  On August 18, 2015, Appellant filed a timely appeal.

On appeal to this Court, Appellant asks for reconsideration of his sentence, indicating that statements made by the Commonwealth unduly influenced the sentencing judge's decision, resulting in a sentence greater

---

[*] Former Justice specially assigned to the Superior Court.
[1] 35 Pa.C.S. §780-113(a)(30), 35 Pa.C.S. §780-113(a)(16)

than the sentence requested by the Commonwealth.[2]   Appellant appeals discretionary aspects of his sentence, which requires:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.   The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa. R.A.P. 2119(f)

Appellant's brief fails to comply with Pa.R.A.P. 2119(f), as it does not include a section indicating the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence.   However, since the Rule 2119(f) requirement is procedural and not jurisdictional, the Court may waive the defect if the Commonwealth fails to object or otherwise preserve an appellant's failure.  *See Commonwealth v. Krum,* 533 A.2d 134, 138 (Pa. Super. 1987).   In the instant case, the Commonwealth does not oppose a remand for re-sentencing.   Therefore, the defect is deemed waived, and the Court will address the issue presented.

The statement at issue is the Commonwealth's reference to Appellant's juvenile record.[3]   In reviewing the record, including the pre-sentence report,

---

[2] The Commonwealth requested a sentence to one and one-half to three years' incarceration followed by one year of probation.

[3] "He does state that as a juvenile, he has a juvenile history. He was in Glen Mills for fourteen months on a gun charge.  He does state that since he was

*(Footnote Continued Next Page)*

it appears that Appellant has no juvenile arrests, adjudications, or commitments. In reviewing the sentencing court's opinion, it is unclear whether the sentencing court relied on the incorrect information when rendering its sentence or if the sentence was fashioned, based on Appellant's extensive adult record. Moreover, the Commonwealth concedes an error may have occurred. Accordingly, we vacate Appellant's judgment of sentence and remand for re-sentencing.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016

---

*(Footnote Continued)* ————————————

in adjuit [*sic*] and since between the age of nineteen and twenty-one he started out with marijuana and then graduated to marijuana PCP and Xanax." Notes of testimony, 7/23/15, at 8.

- 3 -