J-S72029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUAN JEUDY, :
:
Appellant : No. 3736 EDA 2016

Appeal from the Judgment of Sentence November 14, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012365-2015

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 29, 2017**

Juan Jeudy ("Jeudy") appeals from the judgment of sentence entered

following his convictions of one count each of persons not to possess

firearms, possession of a firearm with an altered manufacturer's number,

firearms not to be carried without a license, and carrying firearms on public

streets or public property in Philadelphia.[1]  We affirm.

On October 14, 2015, Philadelphia Police Officer Daniel Levitt ("Officer

Levitt"), while on patrol and riding in the passenger seat of a marked police

cruiser, observed a gray Subaru pulled off to the side of the road.  Officer

Levitt saw Jeudy and another male standing next to the Subaru, when the

Subaru suddenly pulled out and drove away at a high speed, nearly colliding

head-on with the police cruiser.  The police vehicle made a U-turn to pursue

---

[1] 18 Pa.C.S.A. §§ 6105, 6110.2, 6106, 6108.

---

* Former Justice specially assigned to the Superior Court.

the Subaru. As it did so, Officer Levitt observed Jeudy and the other male walking down the street. Significantly, Officer Levitt saw that Jeudy had a firearm in his left hand, which Jeudy then placed in the pocket of his hooded sweatshirt. The officers stopped their vehicle, and Officer Levitt instructed Jeudy to put his hands up in the air. Jeudy put his hands up, but then started to put his left hand back down, stating that he was "just getting my cell." Trial Court Opinion, 3/29/17, at 3. Officer Levitt told Jeudy to "[k]eep your hands up. I see the gun." *Id.* During a search of Jeudy's pocket, Officer Levitt recovered a loaded, 40-caliber semiautomatic handgun with an obliterated serial number. As Officer Levitt recovered the weapon, Jeudy stated, "Oh, that guy just handed it to me." *Id.* When asked, Jeudy admitted that he did not have a permit to carry a firearm. Thereafter, Officer Levitt placed Jeudy under arrest.

Prior to trial, Jeudy filed a Motion to suppress the evidence seized during Officer Levitt's search of Jeudy. The trial court denied the Motion. Following a non-jury trial, the trial court found Jeudy guilty of the above-described crimes. Following the preparation of a presentence investigation report and a drug/alcohol evaluation, the trial court sentenced Jeudy to a prison term of 3½ to 7 years, plus 3 years of probation, for his conviction of persons not to possess a firearm; a concurrent prison term of 3½ to 7 years, plus 3 years of probation, for his conviction of possessing a firearm with an altered manufacturer's number; and a concurrent prison term of 3½ to 7 years, plus 3 years of probation, for his conviction of possessing a firearm

without a license. The trial court imposed no further penalty for Jeudy's conviction of carrying a firearm on public streets or public property in Philadelphia. The trial court recommended that Jeudy serve his sentence at SCI Chester, so that he could receive mental health and drug treatment. Thereafter, Jeudy filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Jeudy presents the following claims for our review:

I. The evidence was not sufficient to sustain a conviction pursuant to [Pa.R.Crim.P.] 505[,] and the weight of the evidence was not enough to sustain a conviction pursuant to Rule 607.

II. The [trial court] improperly denied the [] Motion to Suppress Arrest and Evidence.

III. There were mitigating circumstance[s] that should have been applied to [] Jeudy's sentence.

Brief for Appellant at 7.

In his first claim, Jeudy challenges the weight and sufficiency of the evidence underlying his convictions. *Id.* In the Argument section of his brief, Jeudy sets forth the standard by which a challenge to the sufficiency of the evidence is reviewed, but provides no further argument regarding his weight and sufficiency challenges. *Id.* at 10. Instead, Jeudy focuses his argument on the denial of his suppression Motion. *See id.* at 10-12.

"The Pennsylvania Rules of Appellate Procedure require that each question an appellant raises be supported by discussion and analysis of

pertinent authority, and failure to do so constitutes waiver of the claim."

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1262 (Pa. Super. 2014);

***see also*** Pa.R.A.P. 2119(a)-(b). "Arguments not appropriately developed

are waived." ***Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa. Super.

2006). Because Jeudy failed to develop, in any way, his challenge to the

weight and sufficiency of the evidence, we deem his first issue waived. ***See***

***id.***

Jeudy next challenges the denial of his pre-trial suppression Motion.

Brief for Appellant at 10. In support, Jeudy claims that

> [t]he evidence presented by the Commonwealth shows [a] violation of Art. 1, Sec. 8 of the Pennsylvania Constitution. The evidence presented by the Commonwealth lacks "probable cause" for the above charges, and that [Jeudy] did not meet the elements of the above[-]enumerated charges. Therefore, there was no "probable cause" to arrest and as such[,] was [*sic*] an "illegal search, seizure, and arrest."

***Id.*** Jeudy sets forth some case law regarding search and seizure, but offers

no further argument applying that law to the circumstances presented. As

such, we are compelled to deem this claim waived.[2] ***See Love***, 896 A.2d at

1287 (providing that "[a]rguments not appropriately developed are

waived.").

---

[2] Even if Jeudy had properly developed this claim, we would conclude that it lacks merit, based upon the reasons set forth in the trial court's Opinion. ***See*** Trial Court Opinion, 3/29/17, at 5-9.

Finally, Jeudy claims that the trial court improperly imposed an "excessive sentence," violating the Pennsylvania Sentencing Code. Brief for Appellant at 13. Specifically, Jeudy argues that the trial court's sentence did not follow the general principle that the sentence imposed should call for confinement consistent with the protection of the public; the gravity of the offense as it relates to the impact on the life of the victim; and the rehabilitative needs of Jeudy. *Id.* Jeudy claims that "[w]hile his individual sentences were in the standard ranges for each of his convictions, his excessiveness claim focuses on the *consecutive* nature of the sentences."[3] *Id.* at 14 (emphasis added). Jeudy "has remorse and begs for forgiveness, and asks for a mitigate[ed] sentence. Moreover, he can be a productive person, and can be rehabilitated." *Id.* at 19.

At this Court has explained,

[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

---

[3] Contrary to Jeudy's assertion, the trial court imposed *concurrent* sentences.

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Our review of the record discloses that Jeudy timely filed a Notice of Appeal. However, Jeudy failed to preserve a challenge to the discretionary aspects of his sentence by preserving it at sentencing or in a motion to reconsider and modify the sentence. "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing." *Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa. 2016) (citation omitted); *see also Commonwealth v. Krum*, 533 A.2d 134, 135 (Pa. Super. 1987) (stating that "sentencing issues which have not been raised in a motion to modify sentence are waived.").

Jeudy did not preserve his sentencing challenge at sentencing, or in a post-sentence Motion. Accordingly, we cannot reach the merits of Jeudy's sentencing challenge.[4] *See McLaine*, 150 A.3d at 76; *Krum*, 533 A.2d at 135.

Judgment of sentence affirmed.

_____

[4] Even if Jeudy had preserved his sentencing challenge for our review, we would deny relief based upon the reasons stated in the trial court's Opinion. *See* Trial Court Opinion, 3/29/17, at 12-13.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *12/29/2017*