J-S71020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT LISINICHIA | |
| Appellant | No. 912 EDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001973-2015
CP-48-CR-0003869-2015

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J. [*]

MEMORANDUM BY PANELLA, J.            **FILED NOVEMBER 29, 2016**

Appellant, Robert Lisinichia, appeals from the judgment of sentence entered on February 17, 2016, in the Court of Common Pleas of Northampton County. Additionally, Lisinichia's court-appointed counsel, Matthew J. Deschler, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Lisinichia's judgment of sentence and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

On July 20, 2015, Lisinichia was charged with two counts of involuntary deviate sexual intercourse with a child, criminal attempt to commit rape of a child, indecent assault against a person less than thirteen years of age, corruption of minors, and endangering the welfare of a child.[1] On November 25, 2015 in exchange for the Commonwealth agreeing to withdraw all other charges, Lisinichia entered a guilty plea to two counts of indecent assault as a felony of the third degree. The negotiated guilty plea agreement included the future disposition of pending failure to register[2] charges on a separate docket, as well as an agreed-upon aggregate sentence of 7 to 14 years' incarceration for Lisinichia's charges at both dockets.

On February 17, 2016, Lisinichia pleaded guilty to failure to register with the Pennsylvania State Police pursuant to the terms of the negotiated guilty plea agreement. The trial court thereafter sentenced Lisinichia on each count of indecent assault to 3½ to 7 years' incarceration, and on the failure to register offense to 33 to 66 months' incarceration. The sentences for indecent assault were run consecutively to each other, while the sentence for failure to register was run concurrently to the indecent assault sentences. Following sentencing, Lisinichia sent numerous *ex parte* letters to the trial

---

[1] 18 Pa.C.S.A. §§ 3123(b), 901(a), 3126(a)(7), 6301(a)(1)(ii), and 4304(a)(1), respectively.

[2] 18 Pa.C.S.A. § 4915.1(a.1)(1).

court, which the trial court treated as a collective motion for post-sentence relief. Subsequently, on March 10, 2016, the trial court denied Lisinichia's post-sentence motion, and granted him the right to appeal *nunc pro tunc*. This timely appeal followed. The trial court appointed Attorney Deschler to serve as appellate counsel.

As noted, Attorney Deschler has requested to withdraw and has submitted an ***Anders*** brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Attorney Deschler has substantially complied with all of the requirements of ***Anders*** as articulated in ***Santiago***. Additionally, Attorney Deschler confirms that he sent a copy of that ***Anders*** brief as well as a letter explaining to Appellant that he has the right to proceed pro se or the right to retain new counsel. A copy of the letter is appended to Attorney Deschler's petition. ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super.

- 3 -

2010); *Commonwealth v. Millisock*, 873 A.2d 748, 749 (Pa. Super. 2005). Appellant did not file a response.

We will now proceed to examine the issues counsel has set forth in his *Anders* brief. Counsel identifies two issues that Appellant desires to raise on appeal. First, Appellant contends that his guilty plea was involuntary due to the pressure exerted upon Appellant by guilty plea counsel. However, we observe that claims of ineffectiveness of counsel are generally not ripe until collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). To the extent that Appellant's argument hinges on circumstances other than counsel's effectiveness, our review of the record indicated that he was fully apprised of the consequences of his plea during his oral colloquies with the trial court. *See* N.T., Guilty Plea, 11/25/15, at 6, 16; N.T., Guilty Plea and Sentencing, 2/17/16, at 10-11. We therefore agree with counsel's assessment that this issue is wholly meritless.

In his second issue, Appellant contends that the aggregate sentence of imprisonment imposed is excessive. Appellant concedes that his argument challenges the discretionary aspects of the trial court's sentence. *See Anders* Brief, at 8. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a

substantial question as to the inappropriateness of the sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." **McAfee**, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." **Id**. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **Id**. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Tirado**, 870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. **See id**. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits. **Id**. (citation omitted).

Here, Appellant's appellate brief does not contain the requisite Rule 2119(f) concise statement, and, as such, this issue could be technically waived. **See**, **e.g.**, **Commonwealth v. Gambal**, 561 A.2d 710, 713 (Pa. 1989). Furthermore, the argument section of counsel's **Anders** brief does not separately list the arguments regarding each issue identified. However,

rather than remand for an appropriate **Anders** brief, we will assess Lisinichia's issue on the merits in the interest of judicial efficiency.

Lisinichia argues that the sentence imposed by the trial court was unreasonable and exceeds the sentencing guidelines. **See Anders** Brief, at 6. We have generally held that a claim that a sentence outside of the guidelines is unreasonable constitutes a substantial question for appellate review. **See Commonwealth v. Hill**, 66 A.3d 365, 369 (Pa. Super. 2013). However, Lisinichia waived all rights to challenge the discretionary aspects of his sentence by entering into a negotiated guilty plea that set the length of his incarceration. **See Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991). As the trial court imposed the agreed-upon sentence, Lisinichia cannot now challenge the discretionary aspects of that sentence. He received exactly what he bargained for. Thus, we agree with counsel's assertion that Lisinichia's second issue on appeal is meritless.

After examining the issues contained in the **Anders** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/29/2016