J-S18011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO GALES | |
| Appellant | No. 3102 EDA 2016 |

Appeal from the Judgment of Sentence September 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005615-2007

BEFORE:  PANELLA, J., SOLANO, J., and FITZGERALD, J. [*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 10, 2017**

Appellant, Antonio Gales, appeals from the judgment of sentence entered on September 1, 2016 in the Philadelphia County Court of Common Pleas. Additionally, Appellant's appointed counsel, Stephen O'Hanlon, Esquire, has filed a petition to withdraw from representation, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

This case returned to the trial court after a panel of this Court vacated the mandatory minimum sentence imposed for aggravated indecent assault of a child and remanded for resentencing. ***See Commonwealth v. Gales***,

_____

[*] Retired Justice assigned to the Superior Court.

127 EDA 2015 (Pa. Super., filed Jan. 2016) (unpublished memorandum) (affirming trial court's order designating of appellant as a sexually violent predator, vacating mandatory minimum sentence of five to ten years for aggravated indecent assault of a child pursuant to the holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013)).

On remand, the trial court resentenced Appellant to a period of imprisonment of five to ten years for aggravated indecent assault of a child, without regard to the mandatory minimum as set forth in 42 Pa.C.S.A. § 9718. Attorney O'Hanlon filed a post-sentence motion on Appellant's behalf, which was later denied by the trial court. This timely appeal follows.

As noted, Attorney O'Hanlon has requested to withdraw and has submitted an *Anders* brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appeal on direct appeal.

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Attorney O'Hanlon has substantially complied with all of the requirements of **Anders** as articulated in **Santiago**. Additionally, Attorney O'Hanlon confirms he sent a copy of that **Anders** brief as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney O'Hanlon's petition. **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010); **Commonwealth v. Millisock**, 873 A.2d 748, 749 (Pa. Super. 2005). Appellant did not file a response to Attorney O'Hanlon's brief.

We will now proceed to examine the sole issue on appeal. In his Rule 1925(c)(4) statement, Appellant contends that the trial court abused its discretion by imposing a five to ten year sentence on his aggravated indecent assault of a child conviction. **See** Rule 1925(c)(4) Statement, 10/8/16, at 1. Appellant concedes that his argument challenges the discretionary aspects of the trial court's sentence. **See Anders** Brief, at 8.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005).

As this Court has explained,

[t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007) (citations omitted.

Here, Appellant filed a timely notice of appeal and properly preserved his claims in a post-sentence motion. However, Attorney O'Hanlon does not include the requisite Rule 2119(f) concise statement or indicate through the statement of questions presented that Appellant desires to challenge the discretionary aspects of his sentence in his *Anders* brief. *See*, *e.g.*, *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) ("[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.")

Ordinarily, we would find this sentencing claim waived. *See*, *e.g.*, *Commonwealth v. Gambal*, 561 A.2d 710, 713 (Pa. 1989). Further, we would have noted that this claim would not have even raised a substantial question for our review. *See*, *e.g.*, *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald allegation that a sentence is excessive does not by itself raise a substantial question."). However, in the context of counsel's petition to withdraw, we must address Appellant's contention. *See*

*Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an *Anders* brief, this Court will review discretionary aspects of sentencing claims that were otherwise not preserved).

Our standard of review for challenges to discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa. Super. 2006) (citation omitted).

Here, Attorney O'Hanlon correctly notes that the trial court imposed a sentence within the standard range of the sentencing guidelines. A sentence within the standard range is considered presumptively reasonable. *See Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006). To succeed on a challenge to a standard range sentence, Appellant must show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). Appellant does not, and cannot, do so. As counsel notes "Appellant's crimes were egregious given his repeated violent and sexual contact with an eight-year old." *Anders* Brief, at 10. We agree. The sentence imposed by the trial court is in no way excessive under these circumstances. Thus, Appellant's challenge to the discretionary aspects of his sentence fails.

After examining the issues contained in the ***Anders*** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2017