561 A.2d 710

**COMMONWEALTH. of Pennsylvania, Appellee,**

**v.**

**Stephen J. GAMBAL, III, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 12, 1989.

Decided June 29, 1989.

Elizabeth Beroes, Special and Conflicts Counsel, for appellant.

John W. Packel, for amicus-defender Assoc. of Philadelphia.

Robert B. Sacavage, Dist. Atty., Melissa Norton, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from an order of the Superior Court which quashed an appeal from an order of the Court of Common Pleas of Northumberland County denying a motion for modification of sentence filed by the appellant, Stephen J. Gambal, III. The factual background of the case is as follows.

In 1985, just prior to his eighteenth birthday, appellant was charged as a juvenile with two counts of burglary and a number of counts of theft and conspiracy. While these charges were pending, appellant turned eighteen years of age. Soon thereafter, in 1986, appellant became involved in another criminal incident, and, as a result, was charged with robbery, theft, and receiving stolen property. With respect to the latter charges, guilty pleas were entered pursuant to a plea agreement.

The agreement provided for a sentence of two to five years imprisonment, and stated that whenever the earlier juvenile charges were transferred to criminal court appel-

lant would waive certification hearings and enter guilty pleas. Appellant was accordingly sentenced, and, when the juvenile offenses were later certified, hearings were waived and guilty pleas were entered. However, when sentencing upon the certified offenses occurred, the presiding judge was not the same as the one who had imposed the earlier sentences under the plea bargain. The newly presiding judge rejected the plea bargain and its provision that a two to five year sentence should be imposed to run concurrent with the earlier sentences. Appellant nevertheless reaffirmed his pleas, and, after the judge referred to the Pennsylvania Sentencing Guidelines, concurrent sentences of thirty-three months to ten years were imposed for the two burglary charges, with lesser concurrent sentences for the theft and conspiracy charges.

A motion for modification of sentence was filed, challenging the propriety of the thirty-three month to ten year sentences. The motion was denied, and an appeal was taken to the Superior Court pursuant to 42 Pa.C.S. § 9781(b), which provides:

**(b) Allowance of appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

In connection with his appeal to the Superior Court, appellant submitted a brief addressing relevant issues but failed to include a concise prefatory statement of reasons relied upon for allowance of appeal. Such a statement is required under Pa.R.A.P. 2119(f) in cases where discretionary aspects of sentences are challenged. In Pa.R.A.P. 2119(f), it is provided:

**(f) Discretionary Aspects of Sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise

statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

The Commonwealth did not raise any objection to the deficiency in appellant's brief. Nevertheless, on September 16, 1987, citing appellant's noncompliance with the rule in question, the Superior Court quashed the appeal, 373 Pa.Super. 633, 536 A.2d 824 (1987). An application for leave to amend the brief to correct the deficiency, and for reargument, was promptly filed. On November 30, 1987, however, the application was denied. The present appeal ensued.

The issue presented is whether the Superior Court erred in quashing the appeal and in denying leave to amend the defective brief. We believe that quashing the appeal was not error, but that appellant should have been granted leave to bring the brief into conformity with the requirements of Pa.R.A.P. 2119(f).

■ In quashing the appeal, reliance was expressly placed upon this Court's decision in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). In *Tuladziecki*, we examined the requirements of Pa.R.A.P. 2119(f) and held that, where a defendant objected to the failure of the Commonwealth to set forth in its brief to the Superior Court a concise statement of reasons relied upon in seeking an appeal with respect to the discretionary aspects of sentencing, the court erred in allowing the appeal to proceed. The *Tuladziecki* decision characterized a party's failure to comply with Pa.R.A.P. 2119(f) as a procedural violation that the Superior Court was not entitled to ignore, at least where there was a proper objection by the opposing party. 513 Pa. at 515, 522 A.2d at 20–21. Unlike *Tuladziecki*, the present case does not involve a court's refusal to heed an objection lodged by one of the parties regarding a procedural violation of another.

Appellant notes that an issue related to that in *Tuladziecki* was subsequently addressed by a closely divided *en*

*banc* decision of the Superior Court in *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987). In *Krum,* the court was divided as to whether *Tuladziecki* requires that Pa.R.A.P. 2119(f) be enforced by the court in all cases, or only in cases where a party has objected to a breach of the rule's requirements. The source of this uncertainty is no doubt attributable to our having stressed in *Tuladziecki* the important interests that Pa.R.A.P. 2119(f) serves. See discussion infra. Nevertheless, we held, "[Defendant] *properly preserved his challenge to this procedural violation,* and for the reasons stated herein the Superior Court's decision to overlook it must be vacated." 513 Pa. at 515, 522 A.2d at 21 (emphasis added). If enforcement of the rule were required where none of the parties had raised an objection, obviously it would not have been emphasized that the defendant properly objected to the . violation.

Recognizing this, the Superior Court held in *Krum* that Pa.R.A.P. 2119(f) imposes a procedural requirement that can be overlooked by the court when the Commonwealth makes no objection to a defendant's failure to include in his brief a concise statement of reasons relied upon in challenging discretionary aspects of sentencing. Thus, it was held that the failure of the Commonwealth to object constituted a waiver of the defect, permitting the court to proceed with a determination as to whether a "substantial question," see 42 Pa.C.S. 9781(b), supra, had been presented for review. 367 Pa.Super. at 520, 533 A.2d at 138. Arguably, the *Krum* decision might be read as not *requiring* the court to proceed with this determination, but rather as *allowing* the court to proceed. See *Krum,* 367 Pa.Super. at 519, 533 A.2d at 138 (when objection has not been made by the appellee, "failure to comply with Rule 2119(f) *may* be overlooked.") (emphasis added). In any event, we believe the court should be permitted to proceed, but that, upon reviewing the brief and ascertaining the difficulty of determining whether a "substantial question" is presented, the court should be permitted to enforce compliance with Pa.R. A.P. 2119(f). Thus, where review may be significantly

hampered by the lack of a concise statement of reasons relied upon for appeal, Pa.R.A.P. 2119(f) can be invoked.

This case concerns the power of a court to enforce, *sua sponte*, a procedural requirement that was designed to benefit the court itself as well as the parties. Viewed in this light, it is untenable to argue that a party, by not objecting to deficiencies in the opposing party's brief, has waived the *court's right* to receive a proper brief.

Insistence upon receiving a proper brief is not an exercise in formality designed to vex the parties. Rather, in an effort to work for the benefit of the parties by assuring a proper resolution of the case, a court can ensure that procedures be followed so that review of the case will be properly channeled. Indeed, procedure is the skeletal structure of due process, and Pa.R.A.P. 2119(f) is a procedural rule designed to enhance the functioning of the appellate review process. The requirement of a concise prefatory statement of reasons relied upon for appeal is often of substantial benefit to the court, for, unfortunately, all too often the briefs submitted to appellate courts fail to achieve even a mediocre quality of expression. Briefs are received which contain needlessly long and rambling discussions of the issues, written *currente calamo*, as well as comments upon matters that are of little or no relevance to the issues. Upon reviewing briefs that contain rambling and unfocused discourses, a court is often left with uncertainty as to the true essence of the issues and arguments raised. Concise statements of reasons relied upon for appeal can serve to alleviate this uncertainty.

Further, under Pa.R.A.P. 2119(f), there is an additional reason to insist upon procedural compliance. Under 42 Pa.C.S. § 9781(b), supra, one who appeals a discretionary aspect of sentencing is required to demonstrate the existence of a "substantial question" regarding the appropriateness of the sentence imposed. By having access to the concise statement required under Pa.R.A.P. 2119(f), the reviewing court may be aided in its determination of whether a substantial question exists, without having to make a

*post hoc* determination after reviewing the entire brief. *Tuladziecki*, 513 Pa. at 513, 522 A.2d at 19.

This Court has stressed the importance of adhering to rules of procedure such as Pa.R.A.P. 2119(f) to ensure that appellate rights of the parties are kept in conformity with 42 Pa.C.S. § 9781(b). *Id.* It is contemplated by this statutory provision that a determination of whether a substantial question exists will be made prior to a full examination of the merits of the issue of the appropriateness of the sentence. *Id.* Where a concise statement of the reasons relied upon for appeal is provided, the court's need to delve into the detailed arguments provided in the appellant's brief is minimized, and, thus, the inquiry into whether there is a substantial question is more clearly separated from a full consideration of the merits of the appeal. While a cursory review of the brief might suffice to indicate whether a substantial question is present, a court can certainly insist upon presentation of the concise statement required under the appellate rules.

We find no error, therefore, in the Superior Court's *sua sponte* enforcement of the requirements of Pa.R.A.P. 2119(f). Quashing the appeal was an appropriate response to the deficient brief tendered by appellant.

After the appeal was quashed, however, appellant's prompt application for leave to bring his brief into conformity with the requirements of Pa.R.A.P. 2119(f) should have been granted, and the appeal reinstated upon satisfactory compliance. Our Rules of Appellate Procedure provide that they are to be "liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable." Pa.R.A.P. 105(a). Allowing parties to amend their briefs permits review of the discretionary aspects of sentencing to proceed in an efficient and just manner.

Additionally, in the case of defendants who seek to amend their briefs, the inevitable consequence of denying amendments would be to engender claims of ineffectiveness of counsel that would burden the judicial system and, ultimate-

ly, almost certainly result in findings of ineffectiveness. Indeed, it would be difficult to conceive of a justification for counsel's noncompliance with Pa.R.A.P. 2119(f), where the result of noncompliance is the quashing of an appeal.

We remand to the Superior Court to permit amendment of appellant's brief, and for such further proceedings as may then appear warranted.

Case remanded.

PAPADAKOS, J., files a concurring opinion which is joined by ZAPPALA, J.

PAPADAKOS, Justice, concurring.

I would reverse the order of the Superior Court and remand to the Superior Court with instructions to grant the petition for reargument pursuant to Superior Court's en banc decision in *Commonwealth v. Krum*, 367 Pa. Superior Ct. 511, 533 A.2d 134 (1987).

ZAPPALA, J., joins this concurring opinion.