J-A09013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM ANTHONY LISEK | |
| Appellant | No. 841 WDA 2020 |

Appeal from the Judgment of Sentence entered July 2, 2019
In the Court of Common Pleas of Erie County
Criminal Division at Nos: CP-25-CR-0002330-2018,
CP-25-CR-0002331-2018

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM ANTHONY LISEK | |
| Appellant | No. 842 WDA 2020 |

Appeal from the Judgment of Sentence entered July 2, 2019
In the Court of Common Pleas of Erie County
Criminal Division at Nos: CP-25-CR-0002330-2018,
CP-25-CR-0002331-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: JULY 20, 2021**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, William Anthony Lisek, appeals from the judgment of sentence the Court of Common Pleas of Erie County imposed on July 2, 2019. On appeal, Appellant challenges the discretionary aspects of his sentence. Upon review, we affirm.

The trial court summarized the relevant background as follows.

On September 24, 2018, [Appellant] pled guilty as charged at Erie County Docket No. 2330 of 2018 to robbery. On September 24, 2018, Appellant also pled guilty as charged at Erie County Docket No. 2331 of 2018 to fleeing or attempting to elude police officer; flight to avoid apprehension, trial or punishment; and driving while operating privilege is suspended or revoked.

On March 20, 2019, the [trial court] sentenced Appellant as follows:

Docket No. 2330 of 2018
Count One – Robbery: State Intermediate Punishment (SIP) Program for 24 months, followed by 5 years of state-supervised probation.

Docket No. 2331 of 2018
Count One – Fleeing or attempting to elude police officer: SIP program for 24 months, concurrent with the sentence for robbery at No. 2330 of 2018;

Count Two - Flight to avoid apprehension, trial or punishment: SIP Program for 24 months, concurrent with Count One at No. 2331 of 2018[;]

Count Three – Driving while operating privilege is suspended or revoked: a determination of guilty without further penalty.

On March 22, 2019, the Commonwealth filed at both dockets a motion for reconsideration of sentence. Appended to the motion as Commonwealth Exhibit "A" was a photocopy of the plea agreement reflecting Appellant's agreement to plead guilty to robbery with a deadly weapon enhancement, and to plead to the

charges at the second docket. The plea agreement notes, "It's ok w/[Appellant] being evaluated by DOC for SIP (drug addict) program." See Motion for Reconsideration filed March 22, 2019, Exhibit "A". In the motion, the Commonwealth advised it objected to the SIP sentence at time of sentencing: it reiterated its objection to the SIP sentence; it advised the Commonwealth had merely agreed to an evaluation for the SIP Program and had not advised it would agree to an SIP Program sentence at time of sentencing; Appellant was ineligible for [the] SIP Program under 61 Pa.C.S.A. § 4103 due to Appellant's history of violent behavior and Appellant was subject to the deadly weapon enhancement for the robbery charge, unless the Commonwealth agreed to waive the eligibility requirements Appellant could not be accepted into the SIP Program; and the Commonwealth did not waive the eligibility requirements for the SIP Program. Because the Commonwealth did not agree to an SIP sentence, and due to the severity of the charges and Appellant's prior history, the Commonwealth requested the [trial court] reconsider the sentence and impose a standard range sentence at both dockets.

A hearing on the Commonwealth's motion for reconsideration of sentence was held [on] May 1, 2019. At the hearing, the Commonwealth acknowledged the Department of Corrections evaluated Appellant and recommended Appellant to the program with regard to Appellant's substance abuse history. However, the Commonwealth did not agree to an SIP Program Sentence due to Appellant's criminal history, including the instant robbery offense, because the Commonwealth did not believe public safety would be enhanced by Appellant's participation in the program and an SIP Program sentence under the circumstances would depreciate the seriousness of the offense. **See** 61 Pa.C.S.A. § 4104(d)(2)-(3). The [trial court] correctly determined prerequisites for commitment to the program included the Commonwealth's agreement to an SIP Program sentence per 61 Pa.C.S.A. § 4104(d), and in the absence of the Commonwealth's agreement, the request for re-sentencing was granted.

On July 2, 2019, [the trial court] re-sentenced Appellant to an aggregate of 4 years to 8 years of incarceration as follows:

Docket No. 2330 of 2018
Count One – Robbery: 3 years to 6 years of incarceration.

Docket No. 2331 of 2018

- 3 -

> Count One – Fleeing or attempting to elude police officer: 1 year to 2 years of incarceration, consecutive to the sentence for robbery at No. 2330 of 2018;
>
> Count Two - Flight to avoid apprehension, trial or punishment: 1 year to 2 years of incarceration, concurrent with Count One at 2331 of 2018[;]
>
> Count Three – Driving while operating privilege is suspended or revoked: a determination of guilty without further penalty.

The sentences were within the standard ranges of the sentencing guidelines. Post-sentence motions were filed on July 12, 2019 and decided on July 15, 2019. On August 29, 2019, Appellant filed a notice of appeal at each docket.

. . . .

On November 19, 2019, the Superior Court . . . *sua sponte* quashed the direct appeals as untimely filed. On December 6, 2019, Appellant, *pro se*, filed a motion for post-conviction collateral relief, seeking reinstatement of appellate rights *nunc pro tunc*. On July 10, 2020, the [trial court] granted the relief of reinstatement of appellate rights [*nunc pro tunc*]. The [trial court] appointed appellate counsel, and directed appellate counsel to perfect the appeals in thirty (30) days and to concurrently file[] and serve as directed statements of matters complained of on appeal. Notices of appeal were timely filed at each docket on July 31, 2020.

Not having received the 1925(b) statements, [the trial court] on August 27, 2020 directed counsel to file a 1925(b) statement at each docket in 21 days. On September 11, 2020, appellate counsel filed a 1925(b) statement at each docket, averring as follows:

> The Trial Court abused its discretion in the granting of the District Attorney's office's motion for reconsideration and the resentencing that resulted, in the above captioned dockets, which resulted in a longer sentence for [Appellant].

- 4 -

Trial Court Opinion, 9/29/20, at 1-4 (unnecessary capitalization removed; footnotes omitted). This appeal followed.

Appellant raised the following issue for our review: "The Trial Court abused its discretion in the granting of the District Attorney's Office's Motion for Reconsideration and the resentencing that resulted, in the above captioned dockets, which resulted in a longer sentence for [Appellant]." Rule 1925(b) Statement, 9/11/20. *See also* Appellant's Brief at 7.[1]

The issue raised on appeal involves the discretionary aspects of Appellant's sentence. *See Commonwealth v. Levy*, 83 A.3d 457, 466-67

---

[1] Appellant's Rule 1925(b) statement does not identify the error(s) allegedly made by the trial court in granting the Commonwealth's motion for reconsideration. Indeed, the trial court urged us to find waiver because Appellant's Rule 1925(b) statement "fails to provide any basis for the bald [abuse of discretion] claims other than to assert the sentence which resulted was longer." Trial Court Opinion, 9/29/20, at 5. Similarly, the statement of questions involved on appeal does not identify the issues being raised before us. *See* Appellant's Brief at 7.

A review of the argument section of the appellate brief reveals that the challenge involves the State Intermediate Punishment Program (SIP), and in particular the waiver of the eligibility requirements under 61 Pa.C.S.A. § 4104. The issue, as articulated in the questions involved on appeal, in no way can be stretched to include the specific claim raised in the argument section. As such, under current law, we should deem it waived. *See* Pa.R.A.P. 2116(a); *Commonwealth v. Harris*, 979 A.2 387, 397 (Pa. Super. 2009). Nonetheless, we decline to do so here, because the formal defect in the question presented does not impede appellate review.

Therefore, there are two issues raised before us: (i) waiver of the eligibility requirements under 61 Pa.C.S.A. § 4104, and (ii) length of sentence.

(Pa. Super. 2013) ("In his final two issues, Levy argues that the trial court abused its discretion by (1) granting the Commonwealth's motion for reconsideration of Levy's sentence; and (2) imposing a much harsher sentence after granting the Commonwealth's motion. . . . Levy's arguments challenge the discretionary aspects of his sentence."). Additionally, to the extent Appellant challenges the trial court's reassessment of the Commonwealth's waiver of the eligibility requirements, this decision rests on the trial court's discretion. *See* 61 Pa.C.S.A. § 4104(a)(1.1)(ii) ("The court, after considering victim input, may refuse to accept the prosecuting attorney's waiver of the eligibility requirements").[2]

Section 4104 provides:

**(a)** **Referral for evaluation**.—

(1) Prior to imposing a sentence, the court may, upon motion of the Commonwealth, commit a defendant to the custody of the department for the purpose of evaluating whether the defendant would benefit from a drug treatment program and whether placement in the drug offender treatment program is appropriate.

(1.1) (i) The prosecuting attorney, in the prosecuting attorney's sole discretion, may advise the court that the Commonwealth has elected to waive the eligibility requirements of this chapter if the victim has been given notice of the prosecuting attorney's intent to waive the eligibility requirements and an opportunity to be heard on the issue.

---

[2] Section 4104 was amended effective February 18, 2020. As the sentencing took place on July 2, 2019, before the entry into force of the amended version of Section 4104, we will rely on the version existing at the time of sentencing, which is the 2012 version.

(ii) The court, after considering victim input, may refuse to accept the prosecuting attorney's waiver of the eligibility requirements.

(2) Upon committing a defendant to the department, the court shall forward to the department:

(i) A summary of the offense for which the defendant has been convicted.

(ii) Information relating to the defendant's history of delinquency or criminality, including the information maintained by the court under 42 Pa.C.S. Ch. 63 (relating to juvenile matters), when available.

(iii) Information relating to the defendant's history of drug or alcohol abuse or addiction, when available.

(iv) A presentence investigation report, when available.

(v) Any other information the court deems relevant to assist the department with its assessment of the defendant.

(b) Assessment of addiction.--

(1) The department shall conduct an assessment of the addiction and other treatment needs of a defendant and determine whether the defendant would benefit from a drug offender treatment program. The assessment shall be conducted using a nationally recognized assessment instrument or an instrument that has been normed and validated on the department's inmate population by a recognized expert in such matters. The assessment instrument shall be administered by persons skilled in the treatment of drug and alcohol addiction and trained to conduct assessments. The assessments shall be reviewed and approved by a supervisor with at least three years of experience providing drug and alcohol counseling services.

(2) The department shall conduct risk and other assessments it deems appropriate and shall provide a report

of its assessments to the court, the defendant, the attorney for the Commonwealth and the commission within 60 days of the court's commitment of the defendant to the custody of the department.

(c) Proposed drug offender treatment program.--If the department in its discretion believes a defendant would benefit from a drug offender treatment program and placement in the drug offender treatment program is appropriate, the department shall provide the court, the defendant, the attorney for the Commonwealth and the commission with a proposed drug offender treatment program detailing the type of treatment proposed.

**(d) Prerequisites for commitment**.--Upon receipt of a recommendation for placement in a drug offender treatment program from the department and **agreement of the attorney for the Commonwealth**, the court may sentence an eligible offender to a period of 24 months of State intermediate punishment if the court finds that:

(1) The eligible offender is likely to benefit from State intermediate punishment.

(2) Public safety would be enhanced by the eligible offender's participation in State intermediate punishment.

(3) Sentencing the eligible offender to State intermediate punishment would not depreciate the seriousness of the offense.

61 Pa.C.S.A. § 4104(a)-(d) (2012) (emphasis added).

Appellant argues that the Commonwealth did not object to the trial court's finding of Appellant's eligibility for SIP until sentencing. Appellant's Brief at 12-13. Even at sentencing, Appellant continues, the Commonwealth's objection was not based on any new information. Accordingly, Appellant concludes, the Commonwealth "had already waived the ineligibility

requirements for Appellant to enter the SIP program as required by [Section] 4104(a)." *Id.* at 13.

The Commonwealth responds that it waived the eligibility requirements only for purposes of the evaluation by the Department but did not waive its right to object to Appellant's entrance into the program. To this end, the Commonwealth, relying on Section 4104(d), argues that, because it never agreed to Appellant entering the SIP program, the trial court could not have sentenced Appellant to intermediate punishment.

Relying on Section 4104(a), Appellant responds that a Commonwealth's waiver is not limited to the evaluation but extends through the entire process through commitment.

In its Rule 1925(a) opinion, the trial court, echoing the Commonwealth, stated:

> [The trial court] correctly determined prerequisites for commitment to the SIP Program included the Commonwealth's agreement to a [State Intermediate Punishment] Program sentence per 61 Pa.C.S.A. § 4104(d), and in the absence of the Commonwealth's agreement, the request for re-sentencing was properly granted.

Trial Court Opinion, 9/29/20, at 5.

We agree. Section 4104(d) clearly requires, *inter alia*, the "agreement of the attorney for the Commonwealth" for the sentencing court to impose a state intermediate punishment sentence. Because the Commonwealth never agreed to a state intermediate punishment sentence, the sentencing court properly granted the Commonwealth's motion for reconsideration of sentence.

Regarding Appellant's argument that the waiver of the eligibility requirements under Section 4104(a) extends beyond the evaluation phase, Appellant overlooks that Section 4104 explicitly requires the Commonwealth's agreement under both subsection (a), Referral for evaluation, and subsection (d), Prerequisites for commitment. Under this plain language, waiver under subsection (a) is clearly a separate and independent event from waiver under subsection (d). Waiver under subsection (a) clearly does not operate as a waiver under subsection (d). Based on the foregoing, we do not find any abuse of discretion by the trial court in granting the Commonwealth's motion for reconsideration.

Next, Appellant challenges the length of his sentence. Specifically, Appellant argues that the trial court abused its discretion in not sentencing Appellant to "lower-end range sentence relying on the circumstance for consideration and the much greater sentence Appellant received in comparison to the previous one and the nature of the consecutive sentences that were imposed." Appellant's Brief at 17.

Appellant is not entitled as of right to a review of such a challenge. Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question

- 10 -

that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations, and modifications omitted).

Appellant filed a timely notice of appeal and preserved the discretionary aspects challenge by filing a timely motion for reconsideration of his sentence. Appellant, however, failed to include in his brief a Rule 2119(f) statement. Because the Commonwealth did not object to such procedural defect, we will ignore it, because its absence does not significantly hamper our ability to determine whether a substantial question exists. ***See***, ***e.g.***, ***Commonwealth v. Gambal***, 561 A.2d 710, 713 (Pa. 1988).

Next, we must determine whether Appellant raised a substantial question for our review. We conclude he did not.

Whether a particular issue constitutes a substantial question regarding the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***See***, ***e.g.***, ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001). As noted in ***Commonwealth v. Mastromarino***, 2 A.3d 581 (Pa. Super. 2010), "[a] substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." ***Id.*** at 585 (citation omitted); ***see also*** 42 Pa.C.S.A. § 9781(b).

A review of Appellant's statement of questions reveals that Appellant failed to articulate what particular provision of the code is violated, what

- 11 -

fundamental norms the sentence violates, and the manner in which the sentence violates said provisions or norms. Indeed, Appellant merely challenges the length of the sentence, compared to the sentence previously imposed. *See* Trial Court Opinion, 9/29/20, at 5 ("The 1925(b) Statement fails to provide any basis for the bald claims, other than to assert the sentence which resulted was longer"); *see also* Appellant's Brief at 17.

Additionally, to the extent that Appellant challenges the imposition of consecutive sentences, it is well established that "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in *only* the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72 (emphasis added); *see also Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges "if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question"). Appellant failed to explain why the instant sentence is "unduly harsh, considering the nature of the crimes and the length of imprisonment," *Moury*, *supra*, or why the sentence, which falls within the sentencing guidelines, is "clearly unreasonable" under the circumstances. *Dodge*, *supra*.

In light of the foregoing, we find Appellant's allegation of abuse of discretion insufficient to permit discretionary review. *See also* Trial Court Opinion, 9/29/20, at 5-6.

Even if we were to address the merits of the contention (*i.e.*, excessive sentence), we would find that the trial court did not abuse its sentencing discretion. At sentencing, the trial court stated, "I'm taking into consideration the statement of both counsel and the statement of [Appellant] as well as the pre-sentence investigation report which details the seriousness of the crimes charged as well as [Appellant]'s lengthy prior record, significant prior record." *Id.* at 7. The above shows that the trial court was fully aware of the nature and circumstances of the crimes, the history and characteristics of Appellant, and his rehabilitative needs. Indeed, Appellant acknowledges that the "Sentencing Court did place the rational[e] on the record for the sentence with appropriate considerations and rationales as well[.] In addition, Appellant acknowledges that the sentence was within the sentencing guidelines." Appellant's Brief at 17.

In light of the foregoing, we conclude that the trial court did not abuse its discretion in granting the Commonwealth's motion for reconsideration and did not abuse its discretion in fashioning Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  07/20/2021