J-A19015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :              PENNSYLVANIA
                                            :
                v.                                  :
                                            :
                                            :
KEENAN YOUNG                        :
                                            :
                 Appellant               :    No. 131 MDA 2022

Appeal from the Judgment of Sentence Entered October 26, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000256-2020

BEFORE: BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:            **FILED: SEPTEMBER 2, 2022**

Keenan Young appeals *nunc pro tunc* from the judgment of sentence imposed after he pled guilty to conspiracy and criminal use of a communication facility. We affirm.

In January of 2020, officers from the Department of Corrections ("DOC") intercepted telephone communications between Appellant, an inmate at State Correctional Institution ("SCI") Smithfield, and Nicole M. Pena ("the civilian"). By listening to the recorded conversations, officers learned that Appellant and the civilian were planning to introduce two hundred strips of buprenorphine ("suboxone"), a Schedule III controlled substance, into SCI Smithfield during a contact visit. Officers obtained and executed a search warrant upon the civilian's residence. The civilian was present for the execution of the warrant

_____

[*] Former Justice specially assigned to the Superior Court.

and directed officers to the suboxone that she had acquired for Appellant.[1] Appellant later confessed to his role in the plot and was charged with criminal use of a communications facility, conspiracy, and related charges.

On April 9, 2021, Appellant entered an open guilty plea to conspiracy to possess contraband and criminal use of a communications facility. In exchange, the Commonwealth withdrew the remaining charges. The trial court deferred sentencing and ordered the Department of Corrections to produce Appellant's disciplinary record.

On October 19, 2021, Appellant proceeded to sentencing. During his allocution, Appellant advocated for leniency, explaining the efforts he had made to fight his drug addictions and rehabilitate himself since the conspiracy was uncovered. Trial counsel also requested a mitigated range sentence based on Appellant's efforts at self-improvement. After reviewing the sentencing guidelines and Appellant's disciplinary report, the court sentenced Appellant to standard ranges sentences of two to four years of incarceration for the conspiracy and a consecutive one to two years for the criminal use of

_____

[1] At the time of the seizure, the civilian had not yet procured the full amount of suboxone for Appellant. The certified record does not reveal the exact amount of suboxone recovered. However, one box containing twenty-six foil packets of suboxone was submitted to the Harrisburg Regional Laboratory for drug identification testing. *See* Lab Report H20-01416-1, 4/8/20, at 1.

a communications facility.[2]  The court also granted Appellant's request for a drug treatment program recommendation and ordered the sentences to run consecutive to any sentence Appellant was already serving.[3]  On October 26, 2021, the court amended its sentencing order, restructuring the two sentences so that they would run concurrently to each other, but consecutive to the prior sentence Appellant was still serving.

_____

[2] While the sentencing guidelines form prepared for the hearing listed Appellant as having a repeat felon ("RFEL") prior record score ("PRS"), the court agreed with the parties that Appellant's actual prior record score was five and imposed a standard range sentence in accordance with the adjusted prior record score.  *See* N.T. Sentencing Hearing, 2/4/22, at 5-6 (indicating that a standard range sentence for conspiracy would be twenty-four to thirty months and twelve to eighteen months for the communication charge); *see also* 204 Pa.Code. § 303.16(a).  In its opinion, the trial court repeated that Appellant possessed a PRS of five and received a standard range sentence.  *See* Trial Court Opinion, 3/2/22, at unnumbered 1.  However, the court also provided the standard range sentences for a PRS of RFEL, which, if applicable, would mean that Appellant received a sentence below the sentencing guidelines.  *Id*. (summarizing the applicable standard range as thirty-five to forty-five months and twenty-four to thirty-six months, respectfully).  This discrepancy appears to be a clerical error, perhaps influenced by the erroneous sentencing guideline form.  Regardless, we cannot consider the potential impact of this typographical error since Appellant has not challenged the calculation of his PRS or the applicable sentencing guidelines.  *See* *Commonwealth v. Shreffler*, 249 A.3d 575, 583 (Pa.Super. 2021) (finding that a challenge to the calculation of a PRS goes to the discretionary aspects, not legality of sentence); *see also Commonwealth v. Mont*, 266 A.3d 646 (Pa.Super. 2021) (non-precedential memorandum) (citing *Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa.Super. 1998) (explaining that even where a defendant alleges that the trial court's sentence was affected by a miscalculation of guidelines, the claim involves the discretionary aspects of a sentence and must be properly preserved.)).

[3] At the time of sentencing Appellant was serving a six-to-twelve-year sentence of incarceration on an unrelated conviction.  *See* N.T. Sentencing Hearing, 10/19/21, at 8.

Appellant filed a timely post-sentence motion requesting that the court reconsider running his sentence concurrently to the prior sentence he was also serving due to his efforts at self-improvement, the minor impact of his crime, and his rehabilitation needs. However, the court denied the motion. After a brief remand so that Appellant's direct appeal rights could be reinstated *nunc pro tunc*, this appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Was the sentence imposed by the trial court manifestly excessive, when it imposed a consecutive sentence and failed to adequately consider [Appellant's] efforts at self-improvement and self-rehabilitation, the lack of personal harm caused by his actions, and his rehabilitative needs?" Appellant's brief at 5.

Specifically, Appellant contends that he received a manifestly excessive sentence due to the trial court's failure to consider mitigating factors before running his sentences consecutively to a prior sentence Appellant was already serving. *See* Appellant's brief at 11. The law is well-settled that sentencing is within the discretion of the trial court and should not be disturbed absent a clear abuse of discretion. *See Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014). Furthermore, challenges to the discretionary aspects of a sentence do not automatically entitle an appellant to appellate review. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018). Rather, an appellant must meet certain procedural prerequisites before an

appellate court can entertain such a challenge. Specifically, we engage in a four-part analysis to determine whether: (1) the appeal is timely; (2) the issue has been preserved; (3) Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa.Super. 2013). If each of these requirements is met, we will proceed to a determination on the merits. *Id*.

Appellant filed a timely appeal and post-sentence motion, as well as a concise statement challenging the court's decision to run his sentences consecutively and inadequate consideration of mitigating factors. While Appellant failed to include a Pa.R.A.P. 2119(f) statement in his brief, the Commonwealth has not objected to its omission and its absence does not significantly hamper our review. Accordingly, we overlook the procedural defect and consider whether Appellant has raised a substantial question. *See Commonwealth v. Gambal*, 561 A.2d 710 (Pa. 1988) (holding that if the Commonwealth does not file an objection, this Court may either enforce the procedural requirement or ignore the procedural defect if the failure to file a Rule 2119(f) statement does not significantly hamper the Court's ability to determine whether a substantial question exists).

Appellant contends that he has raised a substantial question because the trial court imposed a consecutive sentence of incarceration without adequately considering the efforts Appellant made at self-improvement, the lack of personal harm caused by his actions, and his rehabilitative needs. **See** Appellant's brief at 5. "[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances[.]" ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citation omitted). Nevertheless, this Court has held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." ***Commonwealth v. White***, 193 A.3d 977, 983 (Pa.Super. 2018). Therefore, viewing Appellant's challenge to the imposition of consecutive sentences as manifestly excessive, together with his claim that the court failed to consider certain mitigating factors and his rehabilitative needs, we conclude that Appellant has presented a substantial question. Accordingly, we will proceed to the merits of his sentencing claim.

The following principles apply to our substantive review of Appellant's claim. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing

factors and impose our judgment in the place of the sentencing court."

***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Instead,

we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather[,] the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Antidormi***, ***supra*** at 760.

A trial court's sentence "should call for confinement that is consistent

with the protection of the public, the gravity of the offense as it relates to the

impact on the life of the victim and on the community, and the rehabilitative

needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a

court is required to consider the particular circumstances of the offense and

the character of the defendant. In considering these factors, the court should

refer to the defendant's prior criminal record, age, personal characteristics

and potential for rehabilitation." ***Antidormi***, ***supra*** at 761 (citations and

quotation marks omitted). Long-standing precedent of this Court recognizes

that § 9721(a) affords the sentencing court discretion to impose its sentence

concurrently or consecutively to other sentences being imposed at the same

time or to sentences already imposed. ***See Commonwealth v. Marts***, 889

A.2d 608, 612 (Pa. Super. 2005).

Pursuant to 42 Pa.C.S. § 9781(c), we can vacate and remand only if we

find that (1) the court intended to sentence within the guidelines, but "applied

the guidelines erroneously;" (2) a sentence was imposed within the guidelines, "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or (3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). Appellant concedes that his sentence fell within the guidelines. **See** Appellant's brief at 12. Therefore, it must be affirmed unless it is clearly unreasonable. While reasonableness is not defined in the statute, it "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" **Commonwealth v. Walls**, 926 A.2d 957, 963 (Pa. 2007).

Appellant argues that the court relied too heavily on the amount of contraband that he was planning on bringing into the prison, rather than the lesser amount that was found and the fact that his plan was thwarted before completion. **See** Appellant's brief at 11. Additionally, Appellant alleges that the court placed improper emphasis on his disciplinary record, ignoring Appellant's prompt confession, lack of harm Appellant's actions caused, and the efforts Appellant has taken to rehabilitate himself since his arrest on these charges. **Id**. at 13.

Our review of the sentencing transcript and the court's Rule 1925(a) opinion reveals that the court thoroughly reviewed the sentencing guidelines, Appellant's disciplinary record, Appellant's allocution, and the attorney arguments before imposing Appellant's sentence. **See** N.T. Sentencing, 2/4/22, at 2-6 (trial counsel explaining Appellant's inmate misconduct report

and detailing Appellant's efforts to participate in drug counseling and other rehabilitation programming); *id*. at 6-7 (the Commonwealth requesting a standard range sentence because, but for the intervention of the DOC Appellant would have brought a substantial amount of drugs into the prison); *id*. at 8-9 (Appellant accepting responsibility for his actions and describing the efforts he had undertaken to overcome his drug addiction and difficult upbringing); *see also* Trial Court Opinion, 3/2/22, at 1-2. Indeed, when imposing sentence, the court acknowledged that it was "impressed by [Appellant's] presentation" and, as a result, recommended Appellant for the internal drug and alcohol program. *Id*. at 9-10.

Contrary to Appellant's arguments, the record reflects that the trial court was fully informed of all the mitigating factors at play herein. The sentencing court merely chose not to give the mitigating factors as much weight as Appellant requested. We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court. *Macias*, *supra* at 778. Appellant has failed to convince us that the court abused its discretion in imposing Appellant's sentence consecutively to a prior sentence he was already serving. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/02/2022