J-A16001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES HENRY MCCRAY | : | |
| | : | |
| Appellant | : | No. 888 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 28, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014342-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES HENRY MCCRAY | : | |
| | : | |
| Appellant | : | No. 889 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 28, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014343-2019

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　**FILED: August 12, 2024**

James McCray pled guilty to committing sexual offenses against two teenage girls in 2018 and 2019.  Over McCray's objection, the sentencing court heard and considered testimony from L.B., the victim in one of McCray's prior cases from 2001.  McCray now appeals from his judgment of sentence, claiming that the sentencing court abused its discretion by admitting this testimony.  We affirm.

In the summer of 2018, McCray gave rides to fifteen-year-old S.S, who viewed him as a trusted adult.  When the two were alone, McCray asked S.S. about her pubic hair and whether she was a virgin.  Eventually, McCray took S.S. to his residence, where he put his finger in her vagina, pulled down her pants, and subjected her to oral sex.  Afterwards, McCray threatened to kill S.S. and her family if she told anyone what he did.

On June 28, 2019, McCray offered to drive sixteen-year-old E.K. to school.  E.K. accepted the ride.  McCray asked E.K. about her pubic hair and rubbed her vaginal area, over and inside her pants.  Over her protests, McCray told E.K. that he wanted to have sexual relations with her.  E.K. convinced McCray to drop her off at a local park.

McCray was charged at separate dockets for his conduct with S.S. (Case 14342-2019) and E.K. (Case 14343-2019).  On October 28, 2022, McCray entered guilty pleas to involuntary deviate sexual intercourse and corruption of minors[1] (as to S.S.) and unlawful contact with a minor, corruption of minors, and indecent assault[2] (as to E.K.).

On February 28, 2023, McCray appeared for sentencing in both cases. The Commonwealth indicated that it intended to present a "victim impact statement" from L.B., the victim in one of three cases from 2001 in which

_____

[1] 18 Pa.C.S.A. §§ 3123(a)(7) and 6301(a)(1)(i).

[2] *Id.* §§ 6318(a)(1), 6301(a)(1)(i), and 3126(a)(1).

- 2 -

McCray sexually assaulted other teenage girls. McCray objected, as L.B. was not the victim in either case for which he was being sentenced.

> [Defense counsel:] . . . I'm objecting to [L.B.'s] testimony. It has nothing to do with the charges [McCray is] facing; he is not charged with anything concerning [L.B.]. He's already been sentenced for that; he's already served his time for that. It's already been factored into the guidelines for what he's facing this Court today, Your Honor. It has no bearing whatsoever on this Court's decision, a case that happened over 20 years ago. . . .

> [L.B.'s testimony] wouldn't be admissible any other way in any other proceeding, not [under Pennsylvania Rule of Evidence] 609, not [under Rule] 404. It's stale; it's remote; it has no bearing whatsoever at the sentencing.

N.T., Sentencing, 2/28/23, at 13, 15.

The sentencing court overruled McCray's objection. L.B. testified. The court imposed consecutive terms of imprisonment for the five crimes to which McCray pled guilty, for an aggregate term of 14 to 28 years of imprisonment followed by 6 years of probation. McCray filed timely post-sentence motions for reconsideration. The sentencing court denied McCray's post-sentence motions on July 6, 2023.

McCray timely appealed.[3] McCray and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. We consolidated McCray's appeals *sua sponte*.

---

[3] McCray, through counsel, filed identical notices of appeal listing both docket numbers, both purporting to appeal from the order denying post-sentence motions at Case 14343-2019. We directed counsel to file separate amended notices of appeal at each docket number, which "shall indicate that the appeals are from [the] Judgment of Sentence entered against [McCray] on February

*(Footnote Continued Next Page)*

McCray presents three closely related issues for review. Because he briefs them together, we will address them together.

1. Did the trial court err in allowing the victim from a case where Mr. McCray was the Defendant over twenty years prior to testify at sentencing?

2. Did the trial court error in allowing the victim to testify constitute an abuse of discretion?

3. Did the trial court commit an abuse of discretion constituting reversible error when it denied Mr. McCray's motion for reconsideration?

McCray's Brief, at 5–6.

McCray's issues implicate the discretion of the sentencing court. *See Commonwealth v. Hitcho*, 123 A.3d 731, 759 (Pa. 2015). Therefore, McCray must invoke this Court's jurisdiction over his claims, by (1) preserving his claim with the trial court, (2) filing a timely appeal, (3) including a statement of the reasons for allowance of appeal in his brief, Pa.R.A.P. 2119(f), and (4) raising "a substantial question that the sentence is appropriate under the sentencing code." *Commonwealth v. Bankes*, 286 A.3d 1302, 1306 (Pa. Super. 2022). McCray meets the first two requirements. Although McCray's brief omits a Rule 2119(f) statement, the Commonwealth did not object to the omission; we may thus assess the fourth requirement.

_____

28, 2023." Order, 9/5/23. McCray filed amended notices of appeal at each docket number, both of which assert that McCray is appealing from the order denying his post-sentence motions. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." *Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). We have corrected the captions accordingly. *Id.*

- 4 -

*Commonwealth v. Krum*, 533 A.2d 134, 138 (Pa. Super. 1987) (*en banc*).[4]

McCray's claim that the sentencing court considered improper victim impact

evidence presents a substantial question for our review. *Commonwealth v.*

*King*, 182 A.3d 449, 454 (Pa. Super. 2018).

Turning to the merits, we apply the following standard of review over a

challenge to the discretionary aspects of a sentence:

> Sentencing is a matter vested in the sound discretion of the
> sentencing judge, and a sentence will not be disturbed on appeal
> absent a manifest abuse of discretion. In this context, an abuse
> of discretion is not shown merely by an error in judgment. Rather,
> the appellant must establish, by reference to the record, that the
> sentencing court ignored or misapplied the law, exercised its
> judgment for reasons of partiality, prejudice, bias or ill will, or
> arrived at a manifestly unreasonable decision.

*Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023) (quoting

*Commonwealth v. Taylor*, 277 A.3d 577, 592–93 (Pa. Super. 2022)).

A sentencing court, within its discretion, "may consider any evidence it

deems relevant," including victim impact evidence. *King*, 182 A.3d at 455.

In doing so, the sentencing court is not bound by the same rules of evidence

as at trial. *Id.*

Pennsylvania statutes expressly endorse the consideration of victim

impact evidence at sentencing. 18 P.S. § 11.201(5); 42 Pa.C.S.A. § 9738. A

"victim" permitted to give an impact statement includes a "direct victim,"

---

[4] We are not required to do so. *Commonwealth v. Gambal*, 561 A.2d 710,
714 (Pa. 1989). We remind both attorneys that a Rule 2119(f) statement
benefits the court and the parties alike, and we **must** deny an appeal of the
discretionary aspects of sentencing when the appellant does not provide a
Rule 2119(f) statement and the appellee objects. *Id.* at 713.

which does not include a victim from another case. ***See generally Commonwealth v. LeClair***, 236 A.3d 71, 83–84 (Pa. Super. 2020) (applying 18 P.S. § 11.103, the definition section of the Crime Victims Act). However, subject to procedural safeguards, a sentencing court may consider impact evidence from people who are not "victims" under the statutory definition. ***Commonwealth v. Melvin***, 172 A.3d 14, 24–25 (Pa. Super. 2017).

Here, McCray's objection was not that L.B. fell outside the statutory definition of "victim" but that her testimony would not be admissible under the rules of evidence and was stale, remote, and irrelevant. The sentencing court acknowledged that it considered L.B.'s statement, explaining:

> [To impose an individualized sentence,] the Court needs to understand a defendant's past and present. The Court is not limited to assessing a defendant's prior criminal history by a number reflected by a Prior Record Score. A number alone does not provide the Court with the necessary information to assist it in executing its responsibility to a defendant, a victim, and the community at large. On February 28, 2023, [McCray] stood before the Court having been convicted twenty years earlier of committing sexual crimes against minors in strikingly similar ways, for which he served a lengthy term of incarceration and had the benefit of rehabilitation.
>
> The Court certainly considered the statement offered by L.B., and it is a fair assessment of the record that the Court was impacted by her words. L.B.'s statement underscored the nature of [McCray's] conduct and his predatory behavior. However, [the record does not support that this was the sole factor that led the Court to impose consecutive sentences.]

Sentencing Court Opinion, 10/26/23, at 7–8 (record citation omitted).

The sentencing court's reasoning is sound. L.B.'s statement was relevant to the court's consideration of McCray's criminal history, regardless

of whether it would have been admissible at trial. *King*, 182 A.3d at 455. The court did not err by permitting L.B. to speak, despite her status as one of McCray's victims from a case from two decades earlier. *Melvin*, 172 A.3d at 24–25 (allowing testimony of people who did not meet the statutory definition of "victim" because impact on the community is a relevant sentencing consideration).

In sum, McCray has failed to persuade us that the sentencing court misapplied the law or otherwise abused its discretion. Likewise, the court did not err in denying reconsideration, which is purely a matter within the court's discretion. We affirm McCray's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/12/2024