J-S26036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAKOMA JUSTIN ROSS | : | |
| | : | |
| Appellant | : | No. 1492 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 2, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000494-2021

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: AUGUST 21, 2024**

Nakoma Justin Ross appeals from the judgment of sentence entered after a jury found him guilty of four counts of assault of a law enforcement officer and other crimes.[1]  He challenges the sufficiency of the evidence and the discretionary aspects of his sentence of 44 to 88 years of imprisonment. We affirm.

On the morning of April 1, 2021, Ross was located in a house in Cogan House Township, Lycoming County, Pennsylvania.  About 1200 feet farther down the dead-end road, Anthony Haynie was in his house, working remotely.

---

[1] 18 Pa.C.S.A. §§ 2702.1(a), 2702(a)(4) (aggravated assault, deadly weapon, 4 counts), 2702(a)(6) (aggravated assault, menace of officer, 4 counts), 2702(a)(1) (aggravated assault), 2707.1(a) (discharge of a firearm into an occupied structure, 2 counts), 3307(a)(3) (institutional vandalism), 2705 (recklessly endangering another person), and 907(a) (possessing instruments of crime).

Haynie heard two gunshots. He then discovered a bullet hole in his house. Haynie called the police, his neighbor, and his parents. Four Pennsylvania State Police officers responded: Trooper Robert Jacobs and Trooper Brett Harvey, later joined by Trooper William Jones and Corporal Matthew Brown. The four officers investigated the bullet holes, not yet knowing where the shooter was. While the officers were processing the scene and out of Ross' direct view, Ross shot two or three more times. He struck the headlight of a parked patrol vehicle and different parts of Haynie's house. The officers received a message that the shooter had one of them "in his scope." Police used an armored vehicle to extract the officers and residents from the scene. Ross surrendered at dusk, wearing green and black face paint.

Ross gave a police interview, repeatedly changing his narrative but consistently denying that he tried to kill the troopers.[2] He stated he did not know if a trooper was in the patrol vehicle when he shot at it. Ross said that he put "war paint" on his face before leaving the house. He admitted that he told his mother he had a rifle and if a policeman came out, he was going to shoot it out with him. Ross told police that after what he did, maybe he should get a lethal injection or a firing squad; when asked if he thought he did

---

[2] The Commonwealth played Ross' police interview at trial. N.T., Trial, 2/13/23, at 160. However, the certified record on appeal contains neither the interview nor a transcript of it. We glean the contents of the interview from the trial court opinion; according to Ross, "The facts at trial were largely uncontested." Trial Court Opinion, 1/9/24, at 7–8; Ross' Brief at 14.

something serious to deserve that, he said, "in a way yes, but…," but did not finish.

Investigation of Haynie's house revealed five bullet holes passing through multiple walls and surfaces, as well as four fragments of projectiles. Police collected over 20 firearms from Ross' house. Laboratory analysis found no match between the recovered projectiles and the gun Ross said he used. Additional testing linked the fragments to another rifle in Ross' house. Another rifle, with a 24-power scope, had green paint smeared on the action.

The case proceeded to a jury trial on February 13 and 15, 2023. The jury found Ross guilty of all charges. On May 2, 2023, the trial court, with the benefit of a pre-sentence investigation report and the arguments of counsel, sentenced Ross to an aggregate term of 44 to 88 years of imprisonment. Two of Ross' mandatory 20-to-40-year sentences for assault of law enforcement officer were ordered to run consecutively, as was Ross' standard-range term of 4 to 8 years for aggravated assault of Haynie.

Ross filed a timely post-sentence motion on May 11, 2023, which the trial court denied on October 16, 2023. Ross appealed on October 25, 2023.[3]

---

[3] We treat the appeal as timely because the trial court clerk of courts did not enter an order denying Ross' post-sentence motion 120 days after it was filed, and Ross appealed within 30 days of the trial court's delayed order denying his post-sentence motion. *See **Commonwealth v. Patterson***, 940 A.2d 493, 498–99 (Pa. Super. 2007).

Additionally, we note that Ross purported to appeal from the verdict, his sentence, and the denial of his post-sentence motions. We have amended the
*(Footnote Continued Next Page)*

- 3 -

Ross and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Ross presents two issues for our review: (1) whether the evidence was sufficient to sustain his four convictions for assault of law enforcement officer and (2) whether the trial court abused its discretion by sentencing Ross to an aggregate term of 44 to 88 years of imprisonment.

Ross first argues that the evidence was insufficient to prove his guilt of assault of law enforcement officer, specifically that he intended to cause bodily injury. He emphasizes that over several hours, he fired only twice, not directly at the troopers, and he later stated he intended to strike the engine block of the patrol vehicle. Ross contends that unlike other cases of assault of law enforcement officer, there was no immediate threat to the four troopers who were inside Haynie's house when Ross fired.

We apply the following standard of review to a claim of insufficient evidence:

> We assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. We must determine whether there is sufficient evidence to enable the fact-finder to have found every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the factfinder. In addition, we note that the facts and circumstances

---

case caption to reflect that the appeal lies only from the judgment of sentence. ***Commonwealth v. Barkman***, 295 A.3d 721, 730 n.5 (Pa. Super. 2023).

Finally, we remind counsel that an appellant's brief must include all required sections, including a summary of the argument. Pa.R.A.P. 2111(a)(6), 2118. Despite Ross' brief omitting this portion, we decline to quash the appeal.

established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.

*Commonwealth v. Bowens*, 265 A.3d 730, 740–41 (Pa. Super. 2021) (citation omitted).

The statute at issue provides: "A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm." 18 Pa.C.S.A. § 2702.1(a)(1). The plain meaning of the statute requires proof of the following elements:

(1) the defendant attempted to cause, or intentionally or knowingly caused, bodily injury, (2) the victim was a law enforcement officer acting in the performance of his duty, (3) the defendant had knowledge the victim was a law enforcement officer, and (4) in attempting to cause, or intentionally or knowingly causing such bodily injury, the defendant discharged a firearm.

*Commonwealth v. Landis*, 48 A.3d 432, 445 (Pa. Super. 2012) (*en banc*). Where the victim did not suffer bodily injury, the Commonwealth must prove that the defendant attempted to cause bodily injury. *Id.* Based on the statute defining criminal attempt, the first element of the offense "requires a showing of some act, albeit not one actually causing bodily injury, accompanied by an

intent to inflict bodily injury upon a law enforcement officer by discharging a firearm." *Id.* at 446 (applying 18 Pa.C.S.A. § 901(a)).

> As our Court has previously stated with regard to proving intent for criminal attempt:
>
>> An intent is a subjective frame of mind, it is of necessity difficult of direct proof. We must look to all the evidence to establish intent, including, but not limited to, the defendant's conduct as it appeared to his eyes. Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.
>
> *Commonwealth v. Alford*, 880 A.2d 666, 671 (Pa. Super. 2005). "The intent for attempt may be shown by circumstances which reasonably suggest that a defendant intended to cause [bodily] injury." *Commonwealth v. Emler*, 903 A.2d 1273, 1277 (Pa. Super. 2006). Thus, in order to prove an attempt under Section 2702.1, the Commonwealth must demonstrate both a substantial step plus an intent to cause bodily injury to a law enforcement officer by discharging a firearm.

*Id.* (brackets omitted, citations altered).

Here, the evidence presented at trial was sufficient for the jury to find that Ross intended to cause bodily injury to each of the troopers, and he took a substantial step toward doing so. We reject Ross' suggestion that the long duration of the police standoff or the distance between the shots and troopers prevented this factual finding. Instead, in accordance with the Commonwealth's theory, the jury could reasonably have found that Ross intended to disable the patrol vehicle and draw the police into the open by shooting. The evidence supported the inference that Ross planned to cause bodily injury to the troopers with the rifle with the 24-power scope once they were in front of Haynie's house. Notably, that rifle had green paint smeared

- 6 -

on the action consistent with Ross holding it, Ross told his mother that he had a trooper "in his scope," and Ross admitted to police that he had said he would shoot it out with police. Viewing the evidence in a light most favorable to the Commonwealth, the jury reasonably could have found that Ross' ultimate intent in firing at the patrol vehicle was to cause bodily injury to the troopers. Therefore, this issue fails.

Ross next argues that the trial court abused its discretion by sentencing him to an aggregate term of 44 to 88 years in prison. He recounts his arguments at sentencing and contends that the court did not adequately factor them into its decision. Ross acknowledges that the trial court reviewed the pre-sentence investigation report. He lists mitigating factors, including his minimal prior record, his family status, his cooperation after surrendering to law enforcement, and the lack of bodily injury in his crimes. Ross notes that the sentence imposed will effectively keep him incarcerated for the rest of his natural life. He contrasts other cases in which victims were put in greater danger. Ross contends, "[f]or the foregoing reasons," that his sentence was manifestly unreasonable and therefore an abuse of discretion. Ross' Brief at 27.

By statute, "there is no right of appeal regarding the discretionary aspects of one's sentence." *Commonwealth v. Berrios*, 297 A.3d 798, 809 (Pa. Super. 2023); *see* 42 Pa.C.S.A. § 9781. Thus, before we can rule on Ross' sentencing claim, we must determine whether he has properly invoked our jurisdiction by (1) preserving his claim with the trial court, (2) filing a

timely appeal, (3) including a statement of the reasons for allowance of appeal in his brief, Pa.R.A.P. 2119(f), and (4) raising "a substantial question that the sentence is appropriate under the sentencing code." **Commonwealth v. Bankes**, 286 A.3d 1302, 1306 (Pa. Super. 2022).

The Rules of Appellate Procedure provide: "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). This rule "was designed to benefit the court itself as well as the parties" by providing a means to determine whether an appellant has raised a substantial question that the sentence imposed in a criminal case is inappropriate. **Commonwealth v. Gambal**, 561 A.2d 710, 713–14 (Pa. 1989). This Court can invoke Rule 2119(f) *sua sponte* "where review may be significantly hampered by the lack of a concise statement of reasons relied upon for appeal." **Id.** at 713.

Here, Ross has failed to include a Rule 2119(f) statement in his brief. Although the Commonwealth has not objected on this basis, we deem our review to be significantly hampered by the deficiency. Ross' sentencing argument includes distinct ways in which he might contend that the trial court abused its discretion: by failing to consider certain factors (despite reviewing a pre-sentence investigation report), by imposing an effective life sentence (with the minimum term expiring when Ross is approximately 65), and by failing to distinguish cases where victims took active fire (although Ross does

not state what sentences were imposed in those cases). Ross does not suggest how these alleged defects raise a substantial question that his sentence is inappropriate under the Sentencing Code. He provides no case law. He does not address the trial court's statements in its opinion. This Court will not fill in the gap to make Ross' argument for him. Because our review is significantly hampered by Ross' failure to include a Rule 2119(f) statement in his brief, we do not reach the merits of his claim that the trial court abused its discretion in imposing sentence.

Judgment of sentence affirmed.

P.J.E. Panella joins.

Judge Olson concurs in result.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/21/2024